**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**In Re: MIRABILIS VENTURES, INC.**
**Bankruptcy Case No. 6:08-bk-04327-KSJ**
**Adversary Case No. 6:08-ap-00227-KSJ**

**MIRABILIS VENTURES, INC.,**

           **Plaintiff,**

-vs-                                           **Case No. 6:09-cv-1974-Orl-31DAB**

**BUCHANAN, INGERSOLL, & ROONEY,**
**P.L., SAXON, GILMORE, CARRAWAY,**
**GIBBONS, LASH & WILCOX, P. A.; and**
**HANS C. BEYER,**

           **Defendants.**

## PLAINTIFF'S MOTION TO AMEND COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW

### I. INTRODUCTION

COMES NOW the Plaintiff, pursuant to the Rules of Civil Procedure, and requests the Court to enter an Order permitting Plaintiff to amend the Amended Complaint in this action, and as grounds therefore states as follows:

1. Rule 15(a) Fed.R.Civ.P. provides that amendment of pleadings should be freely granted.

2. Permitting amendment of Plaintiff's Amended Complaint in this case will not adversely affect the movement of this case forward. On the contrary, the proposed amendments should serve to narrow and more concisely state the issues to be determined.

3. This motion is in keeping with the Case Management and Scheduling Order entered on December 9, 2009.

4. Plaintiff's counsel certifies that he has attempted to confer with counsel for Defendants as required by Local Rule 301(g), as more particularly set forth in the Certificate annexed to this Motion.

5. Specifically, Plaintiff moves to amend its Amended Complaint as follows:

[a] combining Counts I and IV of the Amended Complaint, to more particularly state a cause of action in professional negligence *i.e.* legal malpractice;

[b] removing certain Exhibits not relevant to the amended allegations;

[c] removing extraneous allegations not germane to this litigation; and

[d] amending the prayer for relief to more accurately state and therefore place Defendants on notice of the specific relief sought by the Plaintiff in this action.

Plaintiff's proposed Second Amended Complaint is attached as Exhibit 1 to this motion.

## II. ARGUMENT AND CITATION OF AUTHORITY

### [a] Legal Standard

Plaintiff's motion is governed by Rule 15(a), Fed.R.Civ.P., which provides that leave to amend pleadings "shall be freely given when justice so requires." The Eleventh Circuit has explained that such leave should be "freely given" as required by the Rule, except in the presence of countervailing factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, *etc.*" *McKinley v. Kaplan,* 177 F. 3d 1253, 1258 (11th Cir. 1999) (quoting *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed. 2d 222 (1962)); *see also Carruthers v. BSA Advertising, Inc.,* 357 F. 3d 1213, 1218 (11th Cir. 2004) (explaining that despite "freely given" language of Rule 15(a), leave to amend may be denied on such grounds as undue delay, undue prejudice, and futility).

Although whether to grant leave to amend rests in the district court's discretion, denying leave to amend is an abuse of discretion in the absence of a showing of one or more of the *Foman* factors.  See *e.g., Bryant v. Dupree,* 252 F. 3d 1161 (11th Cir. 2001) (lower court should have permitted amendment to complaint where there was no evidence of prejudice or undue delay); *McKinley v. Kaplan,* 177 F. 3d 1253 (11th Cir. 1999); *Loggerhead Turtle v. County Council of Volusia County, Fla.,* 148 F. 3d 1231 (11th Cir. 1998) (overturning denial of leave to amend where defendant had not shown prejudice or undue delay).

### [b] Application Of The *Foman* Standards

The "undue delay" test is inapplicable in the instant case, as this application is being made within the time for making it as provided for in the Case Management and Scheduling Order for making such motions.

Moreover, it is respectfully submitted that there is no prejudice flowing to these Defendants should the Court grant this application, given that the intended amendments will remove from the pleadings uncertainty and will serve to narrow the issues to be tried.

With respect to the issue of "futility," the law is clear that "a district court may

properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of America,* 367 F. 3d 1255, 1263 (11th Cir. 2004). "When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail." *St. Charles Foods, Inc. v. America's Favorite Chicken Co.,* 198 F. 3d 815, 822-23 (11th Cir. 1999). The futility threshold is akin to that for a motion to dismiss; thus, if the amended complaint could not survive Rule 12(b)(6) scrutiny, then the amendment is futile and leave to amend is properly denied. See *e.g., Burger King Corp. v. Weaver,* 169 F. 3d 1310, 1320 (11th Cir. 1999) (denial of leave to amend justified by futility when "complaint as amended is still subject to dismissal").

   It is respectfully submitted Plaintiff has more than sufficiently set forth ample facts entitling it to proceed on to discovery on its claims for malpractice, breach of fiduciary duty and negligent supervision. Simply put, its claims as set forth in the proposed Second Amended Complaint, are not futile, as they state viable causes of action against the Defendants. That statement is consistent with the Order, per the Hon. Karen S. Jennemann, United States Bankruptcy Judge, entered on August 12, 2009, which denied Defendants' motion to dismiss. A copy of that Order is annexed hereto as Exhibit 2.

   In sum, none of the *Foman* factors exist that would justify denial of this application. Furthermore, there will be no prejudice to the Defendants if this Court grants this motion, as the amended allegations contained in the Second Amended Complaint are responsive to certain contentions made by the Defendants in their previous motion to dismiss.

## III.  **CONCLUSION**

Plaintiff requests that its Motion be granted and that the Second Amended Complaint attached hereto as Exhibit 1 be considered filed as of the date of the Court's Order.

**WHEREFORE**, it respectfully requested that this Court exercise its discretion and grant Plaintiff leave to amend and to file its Second Amended Complaint.

Dated this 29th day of January, 2010.

        /s/ Robert C. Widman  
        Robert C. Widman, Esq.  
        Widmor48@mwk-law.com  
        Morris & Widman, P.A.  
        245 N. Tamiami Trail, Suite E  
        Venice, FL  34285  
        941-484-0646 (Tel)  
        941-496-8870 (Fax)  
       Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 29th day of January, 2010, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Joseph H. Varner, III, Holland & Knight LLP, P.P. Box 1288, Tampa, Florida 33601-1288.

        /s/ Robert C. Widman  
        Robert C. Widman, Esq.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**In Re: MIRABILIS VENTURES, INC.**
**Bankruptcy Case No. 6:08-bk-04327-KSJ**
**Adversary Case No. 6:08-ap-00227-KSJ**

**MIRABILIS VENTURES, INC.,**

           **Plaintiff,**

**-vs-**                             **Case No. 6:09-cv-1974-Orl-31DAB**

**BUCHANAN, INGERSOLL, & ROONEY,**
**P.L., SAXON, GILMORE, CARRAWAY,**
**GIBBONS, LASH & WILCOX, P. A.; and**
**HANS C. BEYER,**

           **Defendants.**

## **CERTIFICATION PURSUANT TO LOCAL RULE 3.01(g)**

      I HEREBY CERTIFY that prior to the date of this Certification that representatives of my office attempted to confer with counsel for the Defendants concerning this motion by placing a telephone call to counsel's office, leaving a detailed message as to the nature of the call, requesting that counsel return the call, and also, prior to that, sending to counsel, by email, a copy of the proposed Second Amended Complaint and a copy of the Exhibits to be annexed to that Complaint.  As of the date of this Certification neither I nor my associate have been able to speak with Defendant's counsel to determine whether or not counsel will stipulate to this motion, oppose it or take no position.  Since the Case Management and Scheduling Order requires that this motion be filed no later than January 30, 2010, I have filed this motion without having conferred with counsel, but I will continue to seek to speak with him concerning the motion, and will advise the Court of the results of that conference immediately.

      Dated this 29th day of January, 2010.

                                              /s/ Robert C. Widman
                                                Robert C. Widman, Esq.