UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

MIRABILIS VENTURES, INC.,
Bankruptcy Case No. 6:08-bk-04327-KSJ
Adversary Case No. 6:08-ap-00227-KSJ

      Debtor.

_____/

MIRABILIS VENTURES, INC.

      Plaintiff,

CASE NO. 6:09-cv-1974-ORL-31DAB

v.

BUCHANAN, INGERSOLL & ROONEY, P.L.;
SAXON, GILMORE, CARRAWAY, GIBBONS,
LASH & WILCOX, P.A.; and HANS C. BEYER,

      Defendants.

_____/

## DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants Saxon, Gilmore, Carraway & Gibbons, P.A. ("Saxon Gilmore")[1] and Hans C.

Beyer ("Beyer") (collectively, "Defendants") hereby file their Answer to Plaintiff Mirabilis

Ventures, Inc.'s ("MVI") Second Amended Complaint ("Complaint").

    1.     Admitted.

    2.     Admitted.

---

[1] Saxon Gilmore was formerly known as Saxon, Gilmore, Carraway, Gibbons, Lash & Wilcox,
P.A.

3.     Admitted that Saxon Gilmore is a professional association with its principal place of business in Hillsborough County, Florida, and that Defendants are subject to personal jurisdiction in this district; denied as to the remaining allegations.

4.     Denied.

5.     Admitted that this is a non-core proceeding.

6.     Without knowledge; therefore, denied.

7.     Admitted.

8.     Denied.

9.     Without knowledge; therefore, denied.

10.     Without knowledge; therefore, denied.

11.     Without knowledge; therefore, denied.

12.     Without knowledge; therefore, denied.

13.     Without knowledge; therefore, denied.

14.     Without knowledge; therefore, denied.

15.     Without knowledge; therefore, denied.

16.     Without knowledge; therefore, denied.

17.     Without knowledge; therefore, denied.

18.     Without knowledge; therefore, denied.

19.     Without knowledge; therefore, denied.

20.     Without knowledge; therefore, denied.

21.     Without knowledge; therefore, denied.

22.     Without knowledge; therefore, denied.

23.     Without knowledge; therefore, denied.

24.     Without knowledge; therefore, denied.

25. Without knowledge; therefore, denied.

26. Without knowledge; therefore, denied.

27. Without knowledge; therefore, denied.

28. Denied.

29. Admitted that Beyer has been employed by Saxon Gilmore from February 2005 to the present time; denied as to the remaining allegations.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Without knowledge; therefore, denied.

43. Denied.

44. Denied.

45. Without knowledge; therefore, denied.

46. Without knowledge; therefore, denied.

47. Without knowledge; therefore, denied.

48.     Without knowledge; therefore, denied.

49.     Without knowledge; therefore, denied.

50.     Without knowledge; therefore, denied.

51.     Without knowledge; therefore, denied.

52.     Admitted that the petition was filed; denied that it was properly on behalf of Plaintiff.

53.     Without knowledge; therefore, denied.

54.     Without knowledge; therefore, denied.

## Count I – Negligence (All Defendants)

55.     Defendants reallege their responses to paragraphs 1 through 54.

56.     Admitted that Plaintiff characterizes Count I as a cause of action for professional negligence; denied that Plaintiff is entitled to any relief whatsoever.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

## Count II – Breach of Fiduciary Duty
### (All Defendants)

63.     Defendants reallege their responses to paragraphs 1 through 62.

64.     Denied.

65.     Denied.

66.     Denied.

## Count III – Negligent Misrepresentation
### (All Defendants)

67.     Defendants reallege their responses to paragraphs 1 through 66.

68.     Admitted that Plaintiff characterizes Count III as a cause of action for negligent misrepresentation; denied that Plaintiff is entitled to any relief whatsoever.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

## Count IV –Negligent Supervision
### (Against Saxon Gilmore)

73.     Defendants reallege their responses to paragraphs 1 through 72.

74.     Admitted that Plaintiff characterizes Count IV as a cause of action for negligent supervision; denied that Plaintiff is entitled to any relief whatsoever.

75.     Denied.

76.     Denied.

77.     Denied.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

This action is the product of a bad faith, unauthorized Chapter 11 proceeding and should be dismissed.

## THIRD AFFIRMATIVE DEFENSE

Any damages suffered by Plaintiff were the result of intentional criminal misconduct by Plaintiff and/or third parties over whom Defendants had no control.

## FOURTH AFFIRMATIVE DEFENSE

Any damages suffered by Plaintiff were the result of reckless or otherwise improper conduct by Plaintiff and/or third parties over whom Defendants had no control.

## FIFTH AFFIRMATIVE DEFENSE

Any damages suffered by Plaintiff were the result of negligence by Plaintiff and/or third parties over whom Defendants had no control.

## SIXTH AFFIRMATIVE DEFENSE

This action is barred in whole or in part by the statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

This action is barred in whole or in part by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

This action is barred in whole or in part by the doctrine of *in pari delicto.*

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from bringing all or part of this action pursuant to, *inter alia*, one or more of the doctrines of judicial estoppel, collateral estoppel, or *res judicata.*

## TENTH AFFIRMATIVE DEFENSE

This action is barred in whole or in part because Plaintiff lacks standing to bring this action.

## ELEVENTH AFFIRMATIVE DEFENSE

This action is barred in whole or in part because it is an unauthorized, *ultra vires* action by Plaintiff.

6

## TWELFTH AFFIRMATIVE DEFENSE

This action is barred in whole or in part by the doctrine of equitable estoppel.

## DEMAND FOR JURY TRIAL

Defendants demand a jury trial in this action.

> s/Joseph H. Varner, III
> Joseph H. Varner, III
> Florida Bar No. 394904
> joe.varner@hklaw.com
> Justin L. Dees
> Florida Bar No. 040833
> justin.dees@hklaw.com
> HOLLAND & KNIGHT LLP
> P.O. Box 1288
> Tampa, FL   33601-1288
> (813) 227-8500
> (813) 229-0134 (facsimile)
> Attorneys for Saxon, Gilmore, Carraway,
>    & Gibbons, P.A. and Hans C. Beyer

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of February, 2010, I electronically filed the

foregoing document with the Clerk of the Court by using CM/ECF system which will send a notice

of electronic filing to the following:

Robert C. Widman, Esq.
Morris & Widman, P.A.
Suite E
245 N. Tamiami Trail
Venice FL 34285
*Attorneys for Plaintiff*

Roy S. Kobert, Esq.
rkobert@broadandcassel.com
Todd K. Norman, Esq.
tnorman@broadandcassel.com
Broad and Cassel
390 North Orange Ave., Suite 1400
Orlando, FL 32801
PH: 407-839-4200
Attorneys for Plaintiff

> s/Joseph H. Varner, III
> Attorney

# 9146169_v1 111882-2

7