UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: MIRABILIS VENTURES, INC.
Bankruptcy Case No.: 6:08-Bk-4327-KSJ
_____

MIRABILIS VENTURES, INC.,

                Plaintiff,

-vs-                                       Case No.: 6:09-cv-1974-Orl-31DAB

SAXON, GILMORE, CARRAWAY, GIBBONS,
LASH & WILCOX, P.A. and HANS CHRISTIAN
BEYER,

                Defendants.
_____

### RESPONSE OF ROBERT C. WIDMAN, ESQUIRE, MORRIS & WIDMAN, P.A., ROY KOBERT, ESQUIRE, AND BROAD AND CASSEL TO DEFENDANTS' MOTION FOR SANCTIONS AND INCORPORATED MEMORANUM OF LAW

Robert C. Widman (Widman), Morris & Widman, P.A. (Widman firm), Roy Kobert (Kobert) and Broad and Cassel (B&C) (collectively MVI attorneys) oppose Defendants' Motion for Rule 11 Sanctions against them on the following grounds:

Rule 11 sanctions may be awarded, after notice and a reasonable opportunity to be heard, "(1) when a party files a pleading that has no reasonable basis; (2) when a party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when a party files a pleading in bad faith for an improper purpose." Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996). The standard for testing conduct under Rule 11 is "reasonableness under the circumstances." Anderson v. Smithfield Foods, Inc., 353 F.3d 912, 915 (11th Cir. 2003). "Sanctions are warranted when a party exhibits a deliberate indifference to obvious facts, but not

when the party's evidence to support a claim is merely weak." Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1294 (11th Cir. 2002). Under this standard, the Court engages in a two-step inquiry as to (1) whether the party's claims are objectively frivolous and (2) whether the person who signed the pleadings should have been aware that they were frivolous. Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998).

The Advisory Committee Notes state that unaccessibility of required information should be considered in deciding whether Rule 11 has been violated. In refusing to award Rule 11 sanctions to a company which succeeded on its motion for summary judgment the court in Gaiardo v. Ethyl Corp, 835 F.2d 479 (1987 CA3 Pa) stated that a district court is expected to avoid using the wisdom of hindsight. The purpose behind Rule 11 is not wholesale fee shifting but correction of litigation abuses and the Rule must not be used as an automatic penalty against attorneys. Barowski v. DePuy, Inc., 850 F.2d 297(1988 CA7 Ill) Sanctions under Rule 11are inappropriate where competent attorney can disagree over existence of good faith argument. Community Electric Service v. National Electrical Contractors Assoc, 869 F.2d 1235 (1989 CA9 Cal) cert den. (US) 107 L Ed 2d 187. The court's power to impose sanctions under Rule 11 is discretionary rather than mandatory and sanctions should be imposed with caution. Neshewat v. Salem, 365 F. Supp 2d 508 (SD NY 2005).

Finally it should be noted that a typewritten name is not a signature for purposes of Rule 11 and an attorney whose name was typed on pleadings but who did not personally sign them is not subject to Rule 11 sanctions.[1] Giebelhaus v. Spindrift Yachts, (1991 CA 9 Cal) 938 F.2d 962; Golden Eagle Distributing Corp v. Burroughs Corp. 801 F.2d 1531 (9CA 1986), and Mariani v. Doctor's Assoc. Inc., 983 F. 2d 5 (1992 CA 1 Puerto Rico) Furthermore Rule 11 does

---

[1] The Second Amended Complaint that was permitted by the Court by its February 25, 2010 Order that is the specific and discrete subject to Defendants' Motion against all of these attorneys is signed only by Widman and, therefore, there is absolutely no basis for the Motion against Kobert or B&C.

not authorize sanctions against a law firm.  <u>Blue v. United States Dept. of Army</u>, 914 F.2d 525 (1990 CA 4 NC) <u>cert</u> <u>den</u> 113 L. Ed 2d 645.

Under the aforesaid law since Kobert did not even sign the subject Second Amended Complaint the Motion against him and his firm B&C is frankly frivolous and should be denied. Furthermore under <u>Blue</u> the Motion against the two law firms should be denied.

The Motion for Sanctions includes, (pg. 3), <u>inter</u> <u>alia</u>, the argument that the allegation in the Second Amended Complaint that Beyer was fired from Buchanan Ingersoll is inaccurate. Beyer neglects to inform the Court that on receiving this Motion for Sanctions under the Rule, Plaintiff offered to change this allegation to the correct former firm but Beyer declined the offer. See Ex. 1 attached.  Beyer inexplicably then repeats the allegation in his Motion.

The Motion basically contains denials of Plaintiff's allegations based only on Beyer's deposition and then summarizes its grounds as follows: (pg. 13)

1. MVI never retained Beyer and Saxon Gilmore to render advice as to payroll taxes;

2. Beyer never provided advice to MVI – or any person or entity – regarding payroll taxes or any other tax related matter;

3. All wrongdoing was by Amodeo; and

4. Most of the payroll taxes were not paid by entities other than MVI.

First of all, Widman properly relied upon (in addition to the facts as understood by his client based upon the records MVI retained after Amodeo) his consultant (and later expert) David M. Richardson (originally consulted in November, 2009) whose expert witness report is attached as Ex. 2[2]  Mr. Richardson was a widely respected law professor at the UF school of law

---

[2] Due to page limitations of Local Rule 3.01 Widman cannot include herein all the documents relied upon by Professor Richardson as itemized in his report.  However Widman is filing a Motion to Exceed Page Limits seeking leave to file the index of documents relied upon by Professor Richardson and his CV should the Court deem this material for this Motion.

and director of its graduate tax program.  His expert report succinctly states a reasonable basis for this claim based on the records and discovery to date.  While Beyer initially produced very little documentation in response to Plaintiff's Request for Production, Plaintiffs have accumulated many Beyer documents (and are still acquiring) from other parties and many were reviewed and relied upon by Professor Richardson in reaching his opinion that these Defendants "deviated from the applicable standard of care."

Furthermore, the following information has surfaced;

1. In his Defendants' Sentencing Memorandum (Case #6:08-cv-176-Orl-28 GJK) (pg 35 fn 22) Amodeo states "Beyer was retained by Amodeo to advise him on bankruptcy and conveyance issues in connection with the Sunshine Companies Plan."…at the meeting (which Beyer attended) all aspects of Amodeo's Sunshine Companies Plan were discussed, without any suggestion from any of the panel of assembled experts that the Plan violated any state or federal law." (pg. 36).  He further stated that "…in January of 2006, he (Beyer)….conducted a review of the Presidion transactions <u>and the PBS Plan with a view toward ascertaining whether any civil or criminal liability would arise as a result of the Plan</u>."  (pg. 54 e.s.)

2. Furthermore, in his 8/29/06 "mock deposition" (Beyer dep. Ex. 32 filed per Doc 24, 25, 26), which Beyer attended, Amodeo clearly admitted (and therefore Beyer knew about) non-payment of payroll taxes (pgs. 37-38, 73, 78).

Therefore there is clear evidence that these Defendants represented MVI, knew about and participated in the Sunshine Companies Plan and PBS Plan, yet never advised the MVI board about their resulting exposure.  Similarly there is evidence that the Defendants' mere silence regarding the above was negligence per the Richardson Report.  While Amodeo was certainly guilty there is a claim and a factual basis that these Defendants also committed wrongdoing per

the Richardson Report.  Finally, as to the fourth argument see the attached Ex. 3 Yoakum expert forensic accounting report that shows unpaid payroll taxes well into 2006.

In sum, while MVI has now had access to its documents generated during this wrongdoing many witnesses, including Amodeo and various MVI board members, are still under threat of criminal action (on appeal for Amodeo) so discovery has not been easy.  In fact Defendant Berman is still in the process of producing over 130,000 pages which have included numerous documents involving Beyer that Beyer did not produce as well as billings showing numerous legal advice entries involving Beyer.  Under these circumstances and the aforesaid applicable law Defendants Motion for Sanctions as to Widman should be denied.

Dated: July 2, 2010
 /s/Robert C. Widman
Robert C. Widman
Florida Bar No.: 0170014
Counsel for Plaintiff
MORRIS & WIDMAN, P.A.
245 N. Tamiami Trail, Ste. E
Venice, FL  34285
Telephone: (941) 484-0646
Facsimile: (941) 496-8870
E-mail address: widmor48@mwk-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of July, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF filing system.

 /s/Robert C. Widman
Robert C. Widman
Florida Bar No.: 0170014
Counsel for Plaintiff
MORRIS & WIDMAN, P.A.
245 N. Tamiami Trail, Ste. E
Venice, FL  34285
Telephone: (941) 484-0646
Facsimile: (941) 496-8870
E-mail address: widmor48@mwk-law.com