UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE: MIRABILIS VENTURES, INC.
Bankruptcy Case No.: 6:08-Bk-4327-KSJ

---

MIRABILIS VENTURES, INC.

      Plaintiff,

v.

Case No. 6:09-cv-1974-Orl-31DAB

BUCHANAN, INGERSOLL, & ROONEY, P.L.,
SAXON, GILMORE, CARRAWAY, GIBBONS,
LASH & WILCOX, P.A., and HANS
CHRISTIAN BEYER,

      Defendants.

_____/

**RESPONSE OF ELIZABETH A. GREEN, ESQ. TO DEFENDANTS SAXON,
GILMORE, CARRAWAY, GIBBONS, LASH & WILCOX, P.A. AND HANS
CHRISTIAN BEYER'S MOTION FOR SANCTIONS AND INCORPORATED
MEMORANDUM OF LAW (DOC. 41)**

      Elizabeth A. Green, Esq., by and through the undersigned counsel, files this Response to

Defendants Saxon, Gilmore, Carraway, Gibbons, Lash & Wilcox, P.A. and Hans Christian

Beyer's (collectively "Defendants") Motion for Sanctions and Incorporated Memorandum of

Law (Doc. 41) ("Motion for Sanctions").

## INTRODUCTION

      In their Motion for Sanctions, the Defendants seek to parlay their victory on summary

judgment into an award of sanctions.  There is, however, a clear and crucial difference between a

complaint that is insufficient to survive summary judgment and a complaint that is sanctionable.

Contrary to the Defendants' hyperbolic assertions, Ms. Green's actions complied with Rule 9011

of the Federal Rules of Bankruptcy Procedure.  The claims alleged in the Original Complaint

were supported by factual bases uncovered through a pre-filing inquiry that was reasonable under the circumstances. Furthermore, Ms. Green's conduct in filing and pursuing the claims in the Original Complaint can in no way be characterized as "unethical, dishonorable, and downright shameful," as Defendants allege. (Doc. 41 at 19.) Accordingly, the Court should not impose sanctions under Rule 9011, 11 U.S.C. § 105(a), or its inherent authority.

## FACTUAL BACKGROUND

This case has its roots in the Chapter 11 bankruptcy proceedings ("Bankruptcy Proceedings") involving Mirabilis Ventures, Inc. ("Mirabilis") (Bankruptcy Case No. 6:08-bk-04327). Mirabilis was controlled by Frank Amodeo ("Amodeo"), who used the company as part of a scheme that withheld more than $70 million in payroll taxes from the federal government. To accomplish his illegal actions, Mr. Amodeo involved a number of businesses, including a group of entities collectively known as the "Sunshine Companies." As counsel to the bankruptcy estate, Ms. Green—who was at that time a partner with Latham, Shuker, Eden, Beaudine ("LSEB")—and other attorneys representing Mirabilis sought to recover funds for the estate. Prior to filing the Bankruptcy Proceeding, Mr. R.W. Cuthill ("Cuthill") was appointed President of MVI. Mr. Cuthill formerly held the designation of certified fraud examiner with substantial experience dealing with insolvency and fraud issues. (Doc. 56-1 ¶ 7.)

On December 8, 2008, the Mirabilis attorneys filed a complaint (the "Original Complaint") against the law firm of Buchanan, Ingersoll & Rooney, P.L. ("BIR") and the Defendants. (Bankruptcy Adversary Proceeding No. 6:08-ap-00227, Doc. 1). Prior to filing the Original Complaint, Mr. Amodeo entered into a plea agreement in criminal proceedings filed against him in the Middle District of Florida. In that agreement, Amodeo agreed and consented to forfeiture to the United States of all of the assets of MVI. See District Court Case 6:08-cr-

00176-JA-GJK, Doc. 38, ¶ 16.  The Original Complaint alleged that the Defendants' failure to notify interested parties about Mr. Amodeo's illicit activities negligently caused Mirabilis damages. The allegations in the Original Complaint were based on evidence gathered in the course of the Mirabilis Bankruptcy Proceedings.   This evidence demonstrated that the Defendants had worked extensively for Mr. Amodeo and Mirabilis prior to the filing of the bankruptcy petition and suggested that the Defendants were aware of the illegal Sunshine Companies Plan.

In response to the Original Complaint, counsel for the Defendants, Joseph Varner, Esq. sent a letter to Ms. Green questioning the basis for the allegations and demanding that the Original Complaint be dismissed.  (Doc. 41, at 18.)  On February 15, 2009, Justin Luna, an associate with LSEB, spoke with Mr. Varner, who agreed to a proposal by Mr. Luna to dismissal of the Original Complaint with leave to amend within fourteen days of entry of an order of dismissal by the Bankruptcy Court.  See (Doc. 56-1 ¶ 31.)  In spite of that agreement, on February 18, 2009, Mr. Varner served a motion on Ms. Green and the other Mirabilis attorneys, seeking sanctions for the filing of the Original Complaint under Rule 9011 of the Federal Rules of Bankruptcy Procedure, 11 U.S.C. § 105(a), and the inherent authority of the bankruptcy court. (Doc. 41, at 1 n.1.)  Mr. Varner insisted that Ms. Green and her co-counsel withdraw the Original Complaint within twenty-one days, or he would file the motion for sanctions with the Bankruptcy Court.  On March 4, 2009, fourteen days after the motion for sanctions was served, the Bankruptcy Court dismissed the Original Complaint with leave to amend.  (Doc. 11-4.)  On March 18, 2009, Ms. Green and her co-counsel filed an amended complaint (the "Amended Complaint"), which clarified and bolstered the factual bases for the claims against the Defendants.

On April 15, 2009, the Defendants filed a motion seeking to dismiss the Amended Complaint, but Bankruptcy Judge Karen Jenneman issued a memorandum opinion denying their motion to dismiss. (Doc. 11-19.) On September 21, 2009, Ms. Green became a partner at Baker & Hostetler LLP, withdrew as counsel for MVI, and Scott Shuker of LSEB was substituted for her (Doc. 11-26). Following this substitution of counsel, Ms. Green had no further involvement with the MVI bankruptcy or this adversary proceeding.   After Ms. Green's departure from the case, the parties moved for a withdrawal of the reference, and on November 9, 2009, the case was transferred from the bankruptcy court to the district court, under District Judge Gregory Presnell. (Doc. 3.)   The Defendants subsequently moved for summary judgment, and on June 18, 2010, Judge Presnell granted summary judgment for the Defendants.   (Doc. 33.)   Following the summary judgment ruling, the Defendants filed their motion for sanctions, which had been served on Ms. Green more than one year prior to that filing.  (Doc. 41.)

## DISCUSSION OF AUTHORITY

Bankruptcy courts possess several mechanisms for sanctioning attorneys.  One of these is Rule 9011(b) of the Federal Rules of Bankruptcy Procedure, which provides that when presenting a paper to the bankruptcy court, an attorney certifies that:

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011(b). Rule 9011 is "substantially identical" to Rule 11 of the Federal Rules of Civil Procedure, In re Walker, 532 F.3d 1304, 1308 (11th Cir. 2008), and court decisions interpreting Rule 11 are applicable in interpreting cases under Rule 9011. See In re Mroz, 65 F.3d 1567, 1572 (11th Cir. 1995); In re Busby, 1998 WL 34232925, at *3 (M.D. Fla. Oct. 2, 1998) ("Cases interpreting Rule 11 also guide the application of Bankruptcy Rule 9011."). Attorneys who fail to comply with Rule 9011(b) or Rule 11(b) may be sanctioned "where an attorney or party submits a pleading to the court that: (1) is not well-grounded in fact, i.e. has no reasonable factual basis; (2) is not legally tenable; or (3) is submitted in bad faith or an improper purpose." Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1572 (11th Cir. 2002).

Before a motion for sanctions can be filed pursuant to Rule 9011, the party seeking sanctions must "describe the specific conduct alleged to violate [Rule 9011(b)]" and serve the motion on the party who filed the allegedly offending pleading. Fed. R. Bankr. P. 9011(c)(1). The party who filed the pleading then has twenty-one days to "withdraw[ ]" or "appropriately correct[ ]" the "challenged paper, claim, defense, contention, allegation, or denial." Id. If the party who filed the pleading withdraws it during this twenty-one day "safe harbor," it forecloses the availability of Rule 9011 sanctions. See In re Evergreen Security, Ltd., 570 F.3d 1257, 1273 (11th Cir. 2009).

Rule 9011, like Rule 11, specifies that the reasonableness of an attorney's pre-filing inquiry into the underlying legal and factual contentions is to be judged "under the circumstances." Fed. R. Bankr. P. 9011(b); Anderson v. Smithfield Foods, Inc., 353 F.3d 912, 915 (11th Cir. 2003) ("The standard for testing conduct under . . . Rule 11 is reasonableness

under the circumstances.") (internal quotation marks omitted).  Evaluating the reasonableness of the attorney's pre-filing inquiry requires consideration of a wide range of factors, such as: "how much time for investigation was available," "whether [the attorney] had to rely on a client for information as to the underlying facts," and "the extent to which factual development requires discovery."  Jones v. Int'l Riding Helmets, Ltd., 49 F.3d 692, 695 (11th Cir. 1995).   When considering an attorney's actions, a court is also "expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe *at the time the pleading, motion, or other paper was submitted*."  Souran v. Travelers Ins. Co., 982 F.2d 1497, 1507 n.12 (11th Cir. 1993) (quoting Fed. R. Civ. P. 11 Advisory Committee Notes) (emphasis added).

Apart from Rule 9011, bankruptcy courts possess the power to impose sanctions under both 11 U.S.C. § 105(a) ("Section 105(a)") and their inherent authority.  See Evergreen Security, 570 F.3d at 1263.  An award of sanctions under either Section 105(a) or the court's inherent authority, however, requires a finding of bad faith.  See id. at 1273; Mroz, 65 F.3d at 1575 ("Invocation of a court's inherent power requires a finding of bad faith." (citing Chambers v. NASCO, Inc., 501 U.S. 32, 49 (1991)); In re Glasco, 321 B.R. 695, 701 (W.D.N.Y. 2005) ("Section § 105(a) of the Bankruptcy Code . . . permits sanctions to be imposed to implement the provisions of the Bankruptcy Code . . . and generally requires a finding of bad faith." (citing Matter of Volpert, 110 F.3d 494, 500 (7th Cir. 1997)).

## ARGUMENT

I.  **SANCTIONS UNDER RULE 9011 ARE IMPROPER BECAUSE THE ORIGINAL COMPLAINT WAS WITHDRAWN AND APPROPRIATELY CORRECTED DURING THE 21-DAY "SAFE HARBOR" PERIOD.**

Rule 9011(c)(1) provides, in relevant part, that a "motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion . . ., the

challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected . . . ." Fed. R. Bankr. P. 9011(c)(1). Rule 11 of the Federal Rules of Civil Procedure contains a substantially similar provision, and the Advisory Committee Notes to those rules make clear that the twenty-one day period is "intended to provide a type of 'safe harbor' against motions" for sanctions and that "the timely withdrawal of a contention will protect a party against a motion for sanctions." Fed. R. Civ. Pro. 11 Advisory Committee Notes (1993 Amendments).   This Court has recognized the importance of the twenty-one day safe harbor, stating that the "'safe harbor' provision is not a mere technicality, but allows a party to avoid the imposition of sanctions, by timely withdrawing the offending pleading." Ellis v. All of My Sons Moving & Storage of Orlando, Inc., 2009 WL 2496626, at *7 (M.D. Fla. 2009).  In the instant case, Ms. Green and her colleagues availed themselves of the twenty-one day "safe harbor" provision, agreeing to dismissal of the Original Complaint on February 15, 2009 and, thereafter, consenting to a dismissal of the Original Complaint by Judge Jenneman on March 4, 2009.  (Doc. 11-4.)  Accordingly, because Ms. Green withdrew the Original Complaint within the safe harbor window, Defendants cannot seek sanctions with respect to the Original Complaint under Rule 9011.

Pursuant to Rule 9011(c)(1), "withdraw[ing]" a pleading within the twenty-one day window forecloses the possibility of a motion for sanctions with respect to that pleading.  In the Rule 11 context, this Court has previously held that a pleading may be "withdrawn" by a plaintiff's voluntary dismissal of its case, barring the court from entertaining a motion for sanctions based on that pleading.  See Morroni v. Gunderson, 169 F.R.D. 168, 171 (M.D. Fla. 1996) ("[T]he party who voluntarily dismisses a case has withdrawn the offending pleading by dismissing the case.  Therefore, it was improper for Defendants to file their Rule 11 motion with

the Court."). Other district courts have similarly concluded that the voluntarily dismissal of a complaint immunizes counsel from sanctions under Rule 11.  See, e.g., Hockley v. Shan Enter. Ltd. P'ship, 19 F. Supp. 2d 235, 241 (D.N.J. 1998) ("Since [the Rule 11 defendant] withdrew its position when it voluntarily dismissed its claims, it is not subject to Rule 11 sanctions."); Photocircuits Corp. v. Marathon Agents, Inc., 162 F.R.D. 449, 452 (E.D.N.Y. 1995) ("In this case, the complaint was voluntarily withdrawn prior to the filing of the motion [for sanctions], which . . . immunized plaintiff's counsel.").  See also Dee-K Enter., Inc. v. Heveafil Sdn. Bhd., 177 F.R.D. 351, 354 (E.D. Va. 1998) (holding that the plaintiff's voluntarily dismissal of its original complaint and filing of an amended complaint constituted "withdrawal" of originally complaint and, accordingly, there was "no basis on which to award [fees] under Rule 11").

## II.   DEFENDANTS FAIL TO DEMONSTRATE BAD FAITH ON MS. GREEN'S PART, A REQUIREMENT FOR SANCTIONS UNDER SECTION 105(A) OR INHERENT AUTHORITY.

Apart from Rule 9011, a bankruptcy court may sanction attorneys under either Section 105(a) of the Bankruptcy Code or the court's inherent authority.  See Evergreen Security, 570 F.3d at 1263.  "However, because of their potent nature, 'inherent powers must be exercised with restraint and discretion.'"  Mroz, 65 F.3d at 1575 (quoting Chambers, 501 U.S. at 49).  Because of this potency, the bar for imposing sanctions under a court's inherent authority is higher than under Rule 9011.  While sanctions under Rule 9011 are judged under an objective standard of reasonableness, "[i]nvocation of a court's inherent power requires a finding of bad faith."  Mroz, 65 F.3d at 1567.  In the Rule 9011 context, the Eleventh Circuit has recognized that "[a] finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.  A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order."  Walker, 532 F.3d at 1309.  In the instant case, the Defendants have failed to allege,

much less demonstrate, any conduct on the part of Ms. Green that would suggest bad faith. Absent a showing of bad faith by Ms. Green, sanctions under either Section 105(a) or the court's inherent authority are unwarranted and improper.

The Defendants' bare, unsupported allegations of improper purpose are insufficient for finding bad faith. The entirety of the Defendants' accusations of bad faith or improper purpose appear to come from two sentences from the motions' introductory section, which allude to uncited affidavits alleging that the Mirabilis bankruptcy and adversary proceedings were filed to help Mr. Amodeo recover funds to pay restitution and, thereby, "obtain a more lenient sentence." (Doc. 41 at 3) The allegation contains no quotation or citation to the affidavits in question. This bare assertion, with no documentation—or even citation to any proof—cannot possibly constitute evidence sufficient to support a finding of bad faith. Furthermore, the statement by the Defendants that the Original Complaint—which was filed on December 8, 2008—was filed for the improper "purpose of acquiring funds that Amodeo can use for restitution to improve his standing in the criminal proceeding . . . ." (Doc. 41 at 3) ignores the documented reality that Mr. Amodeo, on September 22, 2008—more than two-and-a-half months before the filing of the Original Complaint—forfeited to the United States the assets of MVI. (Case 6:08-cr-00176-JA-GJK, M.D. Fla., Doc. 38, ¶ 16). The Defendants do not even attempt to explain how Mr. Amodeo was to obtain the benefits of this adversary proceeding to better his standing in the criminal proceeding after he had fully and completely forfeited all of the assets obtained by MVI in the bankruptcy proceeding to the United States.

## CONCLUSION

Accordingly, because Ms. Green withdrew the Original Complaint within the 21-day "safe harbor" period and because the Defendants have failed to demonstrate bad faith on Ms.

Green's part, the Court should decline to impose sanctions under Rule 9011, Section 105(a), or the Court's inherent authority.

Respectfully submitted this 23rd day of July, 2010.

s/Jerry R. Linscott
Jerry R. Linscott, Esquire
Florida Bar No. 148009
E-mail: jlinscott@bakerlaw.com
**BAKER & HOSTETLER, LLP**
2300 SunTrust Center
200 South Orange Avenue
Post Office Box 112
Orlando, Florida  32802
Telephone: (407) 649-4000
Telecopier:  (407) 841-0168
Attorney for Elizabeth A. Green, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of July, 2010, I electronically filed the foregoing Motion with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Joseph H. Varner, III
joe.varner@hklaw.com
Justin L. Dees
justin.dees@hklaw.com
HOLLAND & KNIGHT LLP
P.O. Box 1288
Tampa, FL 33601-1288
(813)227-8500
Attorneys for Defendants

Justin L. Dees
Florida Bar No. 048033
Justin.dees@hklaw.com
Holland & Knight LLP
P.O. Box 1288
Tampa, Florida 33601-1288
Attorney for Defendants

Mariane Leight Dorris
Latham, Shuker, Eden &
Beaudine, LLP
390 N Orange Ave - Ste 600
Orlando, FL 32801
407/481-5800
Fax: 407/481-5801
Email: mdorris@lseblaw.com
Attorney for Jennifer Eden, Esq.

Robert C. Widman, Esq.
Widmor48@mwk-law. com
Morris & Widman, P.A.
245 N. Tamiami Trail, Suite E
Venice, FL 34285
PH: 941-484-0646
FX: 941-496-8870
Attorneys for Plaintiff

Jennifer S. Eden, Esq.
Latham, Shuker, Eden & Beaudine, LLP
P.O. Box 3353
Orlando, FL 33602
jeden@lseblaw.com

Roy S. Kobert, Esq.
rkobert@broadandcassel.com
Todd K. Norman, Esq.
tnorman@broadandcassel.com
Broad and Cassel
390 North Orange Ave., Suite 1400
Orlando, FL 32801
PH: 407-839-4200
Attorneys for Plaintiff

*s/Jerry R. Linscott*
Jerry R. Linscott, Esquire
Florida Bar No. 148009
E-mail: jlinscott@bakerlaw.com
**BAKER & HOSTETLER, LLP**
2300 SunTrust Center
200 South Orange Avenue
Post Office Box 112
Orlando, Florida 32802
Telephone: (407) 649-4000
Telecopier: (407) 841-0168
Attorney for Elizabeth A. Green, Esq.