**Mirabilis Ventures, Inc.**
**Comparison of First Complaint to Second Complaint**

| Paragraph in First Complaint | Basis for Objection by Beyer | Second Complaint | Documents to Support Assertion (if Applicable) |
|---|---|---|---|
| **Paragraph 20** "Beyer attended numerous meetings and worked extensively in providing advice and counsel relevant to the Sunshine Companies Plan" | Beyer had no connection to the Sunshine Companies Plan, and did not even know of its existence. | Specific Reference Deleted | 1. Memorandum References Beyer's duties in conjunction with Sunshine Plan and Sunshine Companies in Mirabilis' books and records (Exhibit B, Doc. No. 11)<br>2. 12/21/04 Notes, Beyer "fall back plan" to file for bankruptcy for Presidion entities part of Sunshine Plan prepared by Jim Baiers. (Exhibit 19, Doc. No. 24)<br>3. Email from Beyer re: "Sunshine Companies" retainer check for $15k (2/14/05) to Saxon Gilmore. (**Tab 1** attached hereto).<br>4. Timeline index in Mirabilis books and records, Beyer to compile all transactional documents in connection with Presidion and Sunshine Plans which was originally prepared by Mirabilis' in house counsel and staff (6/8/09). (**Tab 2** attached hereto)<br>5. Timeline Index in Mirabilis books- Response to IRS questions drafted by Beyer regarding tax treatment of IRS under Sunshine Plan and Presidion Plan. (**Tab 2** attached hereto)<br>6. Timeline Index in Mirabilis books which was originally prepared by Mirabilis' in house counsel and staff - Beyer meets with Amodeo to discuss resolving tax issues on video on |

Mirabilis Ventures, Inc.
Comparison of First Complaint to Second Complaint

| Paragraph in First Complaint | Basis for Objection by Beyer | Second Complaint | Documents to Support Assertion (if Applicable) |
|---|---|---|---|
| | | | November 30, 2006. (**Tab 2** attached hereto).<br><br>7. Presidion Solutions, Inc. draft bankruptcy schedules shows unsecured priority claims of IRS for "Sunshine Companies" tax liabilities and email prepared by Beyer. (Exhibit D, Doc. No. 11)<br><br>8. Document found in Mirabilis' books and records detailing Beyer's duties and involvement with Presidion since January 2005, including primary editor of IRS letter as part of Sunshine Plan. (**Tab 3** attached hereto)<br><br>9. Tax Timeline as part of Mirabilis' books and records evidence Beyer's attendance and involvement with tax strategy sessions with Amodeo and others. (**Tab 4** attached hereto).<br><br>10. Draft Affidavit of Frank Amodeo found in Mirabilis' books and records showing Beyer attended IRS meeting to discuss non-payment of taxes by Sunshine Companies. (**Tab 5** attached hereto). |
| **Paragraph 22** "Beyer and Buchanan Ingersoll advised that the Sunshine Companies Plan, and the actions taken there under, complied with all local, state and federal laws." | Beyer and Buchanan never knew of Sunshine Plan or gave advice regarding same. | Provision Removed and Buchanan dismissed as a party after production of documents showing no involvement. | See Above regarding evidence of Beyer's involvement with Sunshine Companies Plan, as defined. |

**Mirabilis Ventures, Inc.**
**Comparison of First Complaint to Second Complaint**

| Paragraph in First Complaint | Basis for Objection by Beyer | Second Complaint | Documents to Support Assertion (if Applicable) |
|---|---|---|---|
| **Paragraph 23** "Amodeo sought and received legal and tax advice from various professionals...." | Beyer nor Saxon Gilmore ever provided tax advice to MVI or Amodeo | Provision Removed from Second Complaint | 1. Meeting with IRS based on Expense Report of Beyer billed to Mirabilis for "meeting with IRS" (Exhibit F, Doc. No. 11).<br>2. Presidion Plan of Reorganization was part of overall scheme, which Beyer drafted schedules and discussed treatment of claims, including IRS. (See Exhibit D, Doc. No. 11)<br>3. Notes from Beyer claims tax treatment if Mirabilis purchases tax debt as part of tax scheme. (**Tab 6** attached hereto).<br>4. Presidion Solutions, Inc. analysis of transactions showing PSI and Sunshine Companies information as part of overall plan. (**Tab 7** attached hereto).<br>5. Beyer's Redline Edits to Letter to IRS and Judy Berkowitz regarding Sunshine Companies and tax treatment (Exhibit G, Doc. No. 11). |
| **Paragraph 24** "extensive legal research and written legal opinions were provided by professionals retained by Amodeo, including Beyer and BIR, to validate this legal opinion." | Beyer nor BIR ever provided MVI with any legal opinion related to any tax matter | Provision Removed from Amended Complaint | See documents responsive for Paragraphs 20 and 23 regarding Beyer's legal advice regarding tax treatment and tax matters as part of overall Sunshine Plan. |

**Mirabilis Ventures, Inc.**
**Comparison of First Complaint to Second Complaint**

| Paragraph in First Complaint | Basis for Objection by Beyer | Second Complaint | Documents to Support Assertion (if Applicable) |
|---|---|---|---|
| **Paragraph 25 and 26** alleges the date Beyer left BIR and the reason for his departure | Beyer left BIR on February 1, 2005 because we wished to move from Miami to Tampa for personal and professional reasons | Provision Removed from Amended Complaint | Any reference to Beyer changing location or place of employment was deleted. |
| **Paragraph 27** "Beyer had breached his fiduciary duties to clients by participating in self-dealing and entering into transactions with clients in which Beyer received a direct economic benefit about and beyond the compensation he received as their attorney" | Allegation lacks factual and legal basis | Provision Removed from Second Complaint | Provision deleted in its entirety from the Second Complaint. |
| **Paragraph 34** "advice provided by various professionals retained by MVI, including Defendants, Berman, BKR, Riguera and Wildermuth, it was determined that distributing the Burchman Shares...would allow MVI to operate as a creditor of Presidion" | To the extent that allegation is intended to include Beyer as one of the "various professionals" the allegation is false | Provision Removed from Complaint | Provision deleted in its entirety from Second Complaint. |

**Mirabilis Ventures, Inc.**
**Comparison of First Complaint to Second Complaint**

| Paragraph in First Complaint | Basis for Objection by Beyer | Second Complaint | Documents to Support Assertion (if Applicable) |
|---|---|---|---|
| **Paragraph 37** Amodeo proposed a strategy for providing working capital based on "tax and legal advice provided by professionals including Defendants BIR, Saxon Gilmore and Beyer…" | Allegation is false. Neither Beyer, Saxon Gilmore, nor BIR ever provided legal advice to MVI, Amodeo, or any related person or entity relating to payroll tax issues | Provision Removed from Second Complaint | 1. See documents responsive for Paragraphs 20 and 23 regarding representation of Mirabilis regarding tax matters in connection with Sunshine and Presidion Plan. 2. Confidential Memorandum from Beyer to File regarding Presidion and Sunshine Companies tax liabilities and tax treatment as overall tax advise under plan (Exhibit 47, Doc. No. 24) |
| **Paragraph 38** "Beyer and Saxon Gilmore advised that the PBS Plan, and the actions taken there under, complied with all local, state, and federal laws." | No factual support for this allegation | Provision Removed from Second Complaint | Provision deleted in its entirety from the Second Complaint. |
| **Paragraph 39** "Beyer was actively involved in providing counsel relevant to, and directly participating in, the development and implementation of the Sunshine Plan and PBS Plan." | No factual support for this allegation | Provision Removed from Second Complaint | 1. Rephrased, but see also Confidential Memorandum to Frank Amodeo regarding Presidion Solutions, Inc. Plan and entities. 2. See also Letter to IRS Exhibit F, Doc. No. 11. 3. See also analysis of transaction showing Presidion and Sunshine Companies as part of overall tax scheme (**Tab 7** attached hereto). |

**Mirabilis Ventures, Inc.**
**Comparison of First Complaint to Second Complaint**

| Paragraph in First Complaint | Basis for Objection by Beyer | Second Complaint | Documents to Support Assertion (if Applicable) |
|---|---|---|---|
| **39(c)** Beyer attended numerous meetings with the IRS to discuss the tax liability of PBS and Paradyne" | Only met twice, once to discuss World Vision and to discuss possible chapter 11 bankruptcy proceeding for Presidion companies, and the second to accompany a MVI representative who was making a payment" | New Statement in Paragraph Number 42 | 1. Expense Reports (Doc. No. 11, Exhibit E). 2. Professional Fee Reports from Hans Beyer Showing Payment for Chapter 11 for Sunshine Company and related matters (Exhibit H and Doc. No. 11). |
| **39(d)** Beyer, along with others, helped edit a written narrative of the factual history of Presidion and Amodeo's involvement with it | Without merit | Provision Removed from Second Complaint | Provision deleted in its entirety from the Second Complaint. |
| **39(f)** Beyer, along with at least 20 other individuals, was asked to and agreed to be present in an auditorium styled room during the "mock deposition" | Without merit | Provision Removed from Second Complaint | Provision deleted in its entirety from the Second Complaint. |
| **Paragraph 50** largely duplicable of paragraph 23 | False for same reasons | See above | See above |
| **Paragraph 51** "Defendants were actively engaged in, and a part of, Amodeo's development of the PBS Plan." | To extent to include Beyer, its false. | Provision Removed from Second Complaint | Provision deleted in its entirety from the Second Complaint. |

**Mirabilis Ventures, Inc.**
**Comparison of First Complaint to Second Complaint**

| Paragraph in First Complaint | Basis for Objection by Beyer | Second Complaint | Documents to Support Assertion (if Applicable) |
|---|---|---|---|
| **Paragraph 52** "two (2) day development of the PBS Plan, it was expressly discussed between Amodeo, Defendants, Rachlin and various other professionals that collected payroll "trust fund" tax deposits would be used to fund the worker's compensation Collateral requests so as to ensure continuing coverage." | To extent to include Beyer, it's false. | Provision Removed from Second Complaint | Provision deleted in its entirety from the Second Complaint. |
| **Paragraph 54** Amodeo sought professional device and counsel from Defendants" as to civil or criminal liability relating to the PBS Plan. | To extent to include Beyer, it's false. | Provision Removed from Second Complaint | Provision deleted in its entirety from the Second Complaint. |
| **Paragraph 55** duplicative of paragraph 38 | False for same reasons. | Same | Same |
| **Paragraph 56** is largely duplicative of paragraph 39 | False for same reasons. | Same | Same |
| **Paragraph 62** "at all times material hereto, Defendants failed to advise MVI" regarding certain obligations and liability relating to withholding and payment of payroll taxes." | To extent to include Beyer, it's false. | Provision Removed from Second Complaint | New Provision is Paragraph 61 (plans could result in civil and criminal penalties), see proposed Presidon schedules and documents referenced in documents responsive for Paragraphs 20 and 23. |

**Mirabilis Ventures, Inc.**
**Comparison of First Complaint to Second Complaint**

| Paragraph in First Complaint | Basis for Objection by Beyer | Second Complaint | Documents to Support Assertion (if Applicable) |
|---|---|---|---|
| **Paragraph 64** "Defendants chose to instead obtain a direct pecuniary interest from their representation of MVI, its subsidiaries and related companies" rather than advising MVI as to potential criminal liability." | To extent to include Beyer, its false | Provision Removed from Second Complaint | However, provision including stated Beyer received pecuniary interest in transactions, which Beyer admits. |
| **Paragraph 65** "Beyer directly and indirectly benefitted from the use of unpaid payroll taxes." | Beyer did not benefit, but was employee of MVI taking 200k, with a single modest bonus | Provision Removed from Second Complaint | No Provision in Second Complaint |
| **Paragraph 69** "at all times material hereto, an attorney-client relationship existed between MVI and Defendants" | MVI never retained Saxon Gilmore to provide advise regarding payroll taxes, but had engagement regarding bankruptcy filing of Community Health Solutions of America, LLC (march 2006) | Restated in Second Complaint | 1. Transaction Reports Showing Payments by Mirabilis to Saxon Gilmore for Sunshine Companies work and other matters. (Exhibit H, Doc. No. 11) 2. See Exhibit H, Doc. No. 11 for all work done by Beyer for Mirabilis and billed to Mirabilis. |
| **Paragraph 71** "breach by Defendants of various obligations relating to the USAO." | Beyer nor Saxon Gilmore were ever instructed, requested or retained to contact the USAO regarding any matter | Provision Removed from Second Complaint | No Provision in Second Complaint |
| **Paragraph 72** "as a direct and proximate result of Defendants' negligence, MVI suffered damages" | To extent to include Beyer, its false | Provision Remains in Second Complaint | See Documents referred in Paragraph 20 and 23 to show Beyer's involvement. |
| **Paragraph 74-77**, duplicative of 71-72 | To extent to include Beyer, its false | Same | Same |

**Mirabilis Ventures, Inc.**
**Comparison of First Complaint to Second Complaint**

| Paragraph in First Complaint | Basis for Objection by Beyer | Second Complaint | Documents to Support Assertion (if Applicable) |
|---|---|---|---|
| **Paragraph 80** "Defendants knew, or should have known, that MVI, its subsidiaries and related companies were relying on the information supplied by Defendants in connection with their legal representation of MVI entities" | To extent to include Beyer, its false | Provision Remains in Substance | 1. See All Exhibits Listed Above |
| **Paragraph 81** "Defendants owe MVI, its subsidiaries and related companies a duty of reasonable skill, diligence to ensure that all information supplied and representations and statements made to or on behalf of MVI and its related entities" | To extent to include Beyer, its false | Provision Remains in Substance | Legal Statement from Other Facts |
| **Paragraph 81** "Defendants breached their duty by making the material negligent misrepresentation and omissions described above…" | To extent to include Beyer, its false | Provision Remains in Substance | Legal Statement from Other Facts |
| **Paragraphs 83,86,87,88, 89** are duplicative of 72,77,80,81,82, 83 | Same reasons as above. | Same | Same |
| **Paragraph 92** "BJR and Saxon Gilmore owed MVI, its subsidiaries and related companies a duty to use reasonableness in supervising the conduct and activities of Beyer in connection with their representation of MVI, its subs and related entities." | To extent to include Beyer, its false | Provision Remains in Substance | See documents responsive for Paragraphs 20 and 23. |

**Mirabilis Ventures, Inc.**
**Comparison of First Complaint to Second Complaint**

| Paragraph in First Complaint | Basis for Objection by Beyer | Second Complaint | Documents to Support Assertion (if Applicable) |
|---|---|---|---|
| **Paragraph 93** "BIR and Saxon Gilmore breached their duty of reasonable care by failing to supervise Beyer to ensure that his conduct and activities were not fraudulent or deceptive and that all of his work product and representations on behalf of MVI were true and accurate." | To extent intended to suggest Beyer committed fraudulent acts allegations false and no basis | Provision Remains in Substance | See documents responsive for Paragraphs 20 and 23. |
| **Paragraph 94** "BIR and Saxon Gilmore breached their fiduciary duties of reasonable care by failing to supervise the trust account of MVI and its related entities." | Never maintained a trust account for MVI | Provision Removed from Second Complaint | No Statement Remains in Second Complaint |
| **Paragraph 95** duplicative of 72,77,83,89 | Same reasons as above. | Same | Same |

# TAB 1

# Marty Flynn

**From:**  Hans Christian Beyer [hbeyer@wans.net]
**Sent:**  Monday, February 14, 2005 11:26 AM
**To:**  'tessah '
**Cc:**  frank.amadeo@aqmistrategy.com
**Subject:** RE: new contact info

Hello Tessah.
When I spoke with Frank yesterday evening, he asked that I provide you with the following information regarding retainer checks. Please have a retainer check in the amount of $15,000 issued for the Sunshine Companies to "Saxon Gilmore, et al." In addition, although I have not yet discussed this with Frank, please ask Frank to bring an additional retainer check in the amount of $10,000 made out to the same firm to deal with the plan and the motion to dismiss / convert in the Kingdom Vision Case. If he has any questions, please have him contact me on my cell phone at (813) 245-9300.
Finally, please let Frank know that I met with Robert Moreyra of Atlantic American on another matter last week and that I brought Robert up to speed on Frank's new plans.
Thanks again for all of the help.
st regards,
Hans
P.S. Is the e-mail address to which I sent a cc of this message correct for Frank?


++++++++++++++++++++++++++++++++++++++++++++++
Hans Christian Beyer
Saxon Gilmore, *et al.*, P.A.
201 E. Kennedy Blvd., Suite 600
Tampa, FL  33602
Telephone:  (813) 314-4509
Facsimile:  (813) 314-4555

The information contained in this e-mail message and any attachments is confidential and may be privileged. If you are not the intended recipient of this e-mail message, please erase all copies of this message and any attachments, destroy any hard copies of this message and any attachments, and  'se the sender of your receipt of this message by return e-mail. Thank you.

-----Original Message-----
**From:** tessah [mailto:tessah@matrixnetwork.net]
**Sent:** Monday, February 14, 2005 9:45 AM
**To:** hbeyer@wans.net
**Subject:** new contact info

Thanks for the update on the contact information.

Tessah Ivey

This e-mail contains **PRIVILEGED AND CONFIDENTIAL** information intended only for the use of the addressee(s) named above. If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please notify us by reply e-mail and delete this e-mail from your records. Thank you for your cooperation.

**TAB 2**

# Transparency Timeline Index

| Doc ID | Description |
|---|---|
| 113004 | Beginning in or about November 2004, Amodeo discussed his "strict-silo" theory of tax liability with Robert Fink, from the New York law firm of Kostelanetz & Fink, LLP. Presidion retained K&L to provide independent counsel on Amodeo's tax strategy, which they later approved in their legal opinion dated 4/14/05. |
| 122104 | On or about December 21, 2004, Amodeo met with his professionals (particularly Berman, Holtz, and Curry) and various other professionals, to develop a detailed assignment of tasks with respect to the Sunshine Companies Plan |
| 122304.1 | December 23, 2004; Certified check made out to the Internal Revenue Service and issued by Frank Amodeo in the amount of $203,716.04. The check was for a voluntary settlement of penalty assessment under 6672 of SynEntre Services, Inc. (59-3719397). Dan Myers delivered the check to Revenue Agent Pace McNealy. Dan Myers later issued a memo relaying Mr. McNealy's surprise by the receipt of payments as well as his opinion that is is unlikely that Amodeo would be responsible for the Trust Fund Tax assessment. |
| 010505 | January 5, 2005; Meeting at Tew Cardenas' office with Frank Amodeo and Matt Druckman to discuss the Sunshine Tax Plan. |
| 010605 | January 6, 2005; Amodeo meeting with Judy Berkowitz, IRS Revenue Officer; this letter to Berkowitz exhibit establishes the purpose for Amodeo's meeting, satisfying Primary Bookkeeping, Inc.'s tax obligation in full; (Please note, this meeting is when Amodeo first brought up questions re: the Sunshine Companies tax liabilities of which the IRS was unaware). |
| 020405 | February 4, 2005; Letter from IRS Special Agent Gary R. Patterson documenting Assistant U.S. Attorney Keith Corbett in Detroit clearing Presidion, and its related entities, Burcham and Vanderburg of criminal conduct; this implied a validation that such actions were not criminal in nature. |
| 031505 | On or about March 15, 2005, Lawrence Haber, Esq. reviewed the details of the Sunshine Companies Plan and issued a legal memorandum approving Amodeo's understanding of the strict-silo theory of tax liability. |
| 041405 | April 14, 2005; Draft of Tax Memo from tax attorney at Kostelanetz & Fink, LLP to Presidion Execs; concluding that Presidion is not liable for payroll tax liabilities of Sunshine Companies, "silo theory"; establishes awareness by Presidion Execs of outstanding payroll tax liability issues. |
| 041405.1 | On or about April 15, 2005, the law firm of Berman Kean & Riguera, P.A., particularly Elena Wildermuth, Esq., reviewed the details of the Sunshine Companies Plan and issued a legal memorandum approving Amodeo's understanding of the strict-silo theory of tax liability |

| | |
|---|---|
| 042105 | April 21, 2005; Email from Jose Marrero detailing meeting with IRS Revenue Officer Judy Berkowitz, discussing the status of Sunshine Companies tax liability. Marrero forwards a copy of Berkowitz's questions/actions to Berman, Matt Druckman of RCH and Dan Myers of Mirabilis; establishes knowledge of non payment of payroll taxes by these individuals. In addition, Ms. Berkowitz never mentioned potential criminal liability for the unpaid taxes of the Sunshine Companies. |
| 051005 | In or about May 2005, Presidion's auditors, UHY, LLP, analyzed the Sunshine Companies Plan to determine if it would result in a contingent gain for Presidion; |
| 052005 | May 20, 2005 back dated to December 31, 2004; Promissory note between Paradyme (signed by Craig Vanderburg) and Sunshine Companies for $12,241,475.65 |
| 060205 | June 2, 2005; Memo from Myers to Sunshine Companies detailing his discussions with Judy Berkowitz re: Sunshine Companies liabilities, assets and tax returns; again establishing IRS cooperation in trying to resolving tax liabilities. Ms. Berkowitz never mentioned potential criminal liability for the unpaid taxes of the Sunshine Companies. |
| 062705 | June 27, 2005; The IRS permitted Amodeo to sell an asset recovered from Presidion to Mirabilis for 10% (a substantial discount). Memorandum from Sunshine Companies to Mirabilis requesting that all payments to be made to Sunshine Companies by Mirabilis, pursuant to the assigned Paradyme Note, be made directly to the IRS on the Sunshine Companies behalf. |
| 073005 | Throughout July 2005, the Presidion reorganization plan was discussed in detail by Amodeo's team of professionals who were tasked with certain responsibilities in implementing the plan. |
| 080105 | August 1, 2005; Jose Marrero received IRS refund notices for 940s for Sunshine Companies, Inc. and Sunshine Companies Inc., IV. Marrero forwards this information to Tessah Ivey, Dan Myers and Matt Druckman. |
| 082305 | August 23, 2005; Jose Marrero received an inquiry from the IRS regarding a returned refund check for Sunshine Companies II, Form 940, for 2002 in the amount of $52,591.83. The IRS was unsure why the check was returned because they did not receive any instructions as to what to do with the returned refund. Marrero forwarded this information to Tessah Ivey, Dan Myers and Matt Druckman. |
| 090705.1 | September 7, 2005; Jose Marrero received IRS inquiries for Sunshine Staff Leasing's 941 for 3/31/2005 and Sunshine Companies IV's 941 for 3/31/2005. Marrero forwarded this information to Tessah Ivey, Dan Myers and Matt Druckman. |
| 101105 | On or about October 11, 2005, the law firm of Foley & Lardner, LLP, particularly Thomas Maida, was provided the full details of the Presidion reorganization plan for purposes of providing legal advice relevant to proper maintenance of the workers' compensation coverage of the Presidion PEO assets. |

| | |
|---|---|
| 101305.1 | October 13, 2005; Comprehensive backround report on Frank Amodeo completed by Scherzer International at the request of Amodeo's lead accountant and attorney (Holtz and Berman). This backround report revealed extensive details of Amodeo's past financial problems and criminal conviction. |
| 110305 | November 3, 2005; Foley & Lardner LLP meet with Florida Office of Insurance Regulation officials regarding permit application. Particularly significant was discussion of Presidion re: reports of unpaid taxes and worthless letters of credit. |
| 111405 | November 14, 2005; Jose Marrero received IRS notice reflecting a credit of $240, 148.97 for Sunshine Companies III for Form 941 for period ending 9/30/2002. Marrero forwarded this information to Tessah Ivey, Dan Myers and Matt Druckman. |
| 120205.1 | December 2, 2005; Invoice from The Nugent Law Firm, P.C. for Legal Services including work on unemployment tax issues. |
| 010206 | In or about January 2006, Berman and Holtz conducted a thorough review of Amodeo's personal finances and explained portions of Amodeo's income, particularly the fees he received as part of the Sunshine Companies Plan, to the Janney Montgomery Scott, LLC investment fund. |
| 011606 | January 23, 2006; In preparation for meetings with the IRS in early 2006, Hans Beyer compiled all transactional documents in connection with Presidion Solutions and Sunshine Companies; and spoke with dozens of people in order to accumulate and assemble documents for the binder, as well as be able to explain and understand the documents. (index and handwritten notes only) |
| 012406 | January 24, 2006; In response to Myers 1/23/2006 letter, Berkowitz sends tax account statements for Presidion/Sunshine Companies related companies; some companies showing a tax credit on their account. |
| 020806 | On or about February 8, 2006, Amodeo sent a letter to the IRS in which he set forth the details of the Presidion reorganization plan, including the nonpayment of taxes to fund operating expenses. The IRS, in turn, asked questions in an effort to clarify certain details of the plan, but never informed Amodeo, or his representatives, that the nonpayment of taxes was illegal. |
| 022306 (video) 022306(pic) | February 23, 2006; Video clip where Frank Amodeo is speaking with officers of workers compensation carriers and relays American Express' willingness to allow him to use his card to make $71MM in tax payments to the IRS. |
| 030306 | March 3, 2006; Vanderburg and his attorney, David Bogenshutz, met with FBI Agent Sputo; they discussed the unpaid payroll tax liability of Presidion's PEO's, but Agent Sputo did not indicate there was any problem with the unpaid payroll taxes. |
| 032306 | On or about March 23, 2006, Amodeo met with numerous members of the Mirabilis board of directors, the majority of which was composed of licensed accountants and attorneys, and discussed with them the details of recent meetings with the IRS. |

| | |
|---|---|
| 032306(video)<br>032306(pic) | March 23, 2006; Video clip and transcript of the BOD meeting where Amodeo told the board about a conversation he just had with the IRS where he told them about the $72MM in payroll taxes owed. |
| 041806(video)<br>041806(pic) | April 18, 2006; Video clip and transcript of Laurie Holtz talking to Edie Curry in reference to a 'bullet point' presentation for the upcoming IRS meeting. |
| 041806.1(video)<br>041806.1(pic) | April 18, 2006; Video clip of a Mirabilis Chairman's meeting. $144MM in payroll tax liability among other Presidion issues discussed. |
| 042006 | April 20, 2006; Fax from Berkowitz to Myers evidencing their meeting on April 20, 2006; Berkowitz requested further documents in connection with Presidion/Sunshine Companies. |
| 042506.1(video)<br>042506.1(pic) | Video clip of Sharmila Khanorkar and Bob Curry discussing the Presidion taxes. They talked about the total liability and whether or not Frank "intentionally wanted the number to get massive…" |
| 050206 | May 2, 2006; Consistent with proposed "silo strategy", IRS sent refund check for Professional Benefit Solutions, Inc. in the amount of $66,911.31. |
| 052106 | In or about May 2006, several of Amodeo's licensed professionals, including Berman, Curry, Holtz, and Philip Kaprow, Esq., communicated with the Employer Services Assurance Corp. regarding ESAC's concerns about Mirabilis' affiliation with Presidion and alleged taxes owed by certain Mirabilis PEOs. |
| 053106 | May 31, 2006; George Duke was retained by Amodeo's professional's to conduct a thorough backround investigation of Amodeo and Presidion. |
| 061206 | June 12, 2006; Meeting to discuss unpaid payroll taxes, caused by Yaniv Amar complaining about 941 and expenditures. Accountants at conclusion told Amar nothing to worry about. |
| 061506 | June 15, 2006; Amodeo, Myers and Berkowitz corresponded regarding questions Berkowitz had about the Presidion reorganization plan. The increasing tax liability of Presidion's PEOs was mentioned multiple times, but Berkowitz never mentioned potential criminal liability for the unpaid taxes. |
| 061506.1 | June 15, 2006; Florida DBPR meeting minutes where Stanley was approved as controlling person for AEM. Jerry Lancaster raised the non-payment of payroll taxes by Presidion and AEM at the hearing. These minutes help to establish DBPR's knowledge of outstanding tax liabilities of the Presidion companies. |
| 062006.1 | June 20, 2006; Responses to Berkowitz's questions (purportedly drafted by Myers, Sharmila Khanorkar, Amodeo, Holtz, Curry and Beyer) concerning the tax liabilities and providing more information on the Presidion/Sunshine Companies, associated transactions and the reorganization plan. |
| 071006 | July 10, 2006; Brian Nugent, Esq. conducted a complete review of the Presidion reorganization plan and did not advise that it violated any state or federal laws. |

| | |
|---|---|
| 072006 | July 20, 2006; Amodeo had a 4 hour meeting with IRS; during the meeting John Lordie said Amodeo's tax reorganization strategy was not criminal… if so, they would be talking to different people; and IRS also stated that it was ok that Amodeo did not have counsel with him at the meeting; exhibits attached hereto were documents delivered to the IRS at the meeting; others in attendance include IRS RO Daly, Berkowitz, IRS Agent John Lordie, a new IRS manager, Khanorkar and Myers. |
| 072006.1 | July 20, 2006; Email informing Mirabilis Execs that Amodeo's meeting with the IRS went well, they are still cooperating and trying to find a resolution to the tax issues. |
| 072006.2 | July 20, 2006; Exhibits and responses submitted to the IRS in connection the IRS questions and requests from the July 20th meeting; includes the AEM/Presidion Assignment (book of business), certain judgments, certain financial records (signature cards, cancelled checks) and Vanderburg's tax returns; again, shows cooperation with the IRS and IRS knowledge. |
| 072906 | July 29, 2006; Tucker Clancy sends an e-mail notice that the new "Capital Partner" account for BCA Professional Services has been opened, refering to the account that was to be used to pay the IRS. Over a five month period BCA would make 22 equal payments of $150,000 to the IRS. |
| 080806(video) 080806(pic) | August 8, 2006; Video of meeting between Bill Eplin and Kellie Tomeo discussing the investigation of Presidion by Mirabilis to determine if any unlawful activity had occurred or was ongoing. |
| 082106 | August 21, 2006; Mike Stanley sends an e-mail notification that Jim Vandevere, or BCA specifically, is requesting to be refunded the $450K (3 x $150K) that BCA paid over to its "strategic partner" or IRS. |
| 082206 | August 22, 2006; Bank records for 2004-2006 for the Presidion Companies and AEM Inc. d/b/a Mirabilis HR given to the IRS for review. |
| 082906 | On August 29, 2006, over 30 professionals retained by Amodeo attended a mock deposition of Amodeo in preparation for potential interview in connection with civil proceedings arising out of the Presidion reorganization plan, specifically with regard to the nonpayment of taxes during the plan. |
| 090606 | September 6, 2006; In connection with the mock deposition, Laurie Holtz and Sharmilla Khanorkar of Rachlin Cohen and Holtz and Richard Berman, Elena Wildermuth, and Angel Armas of Berman, Kean, and Riguera worked on Form 4180 for Amodeo, which reinforced the position of Amodeo's professionals that, civilly, he was not a person responsible for the unpaid taxes arising from the Presidion reorganization plan. |
| 090806.1 | September 8, 2006; Mirabilis professionals filed the Debt Refinancing Agreement between Mirabilis and Presidion Solutions with the State of Florida. This agreement outlines the key elements of the Presidion reorganization plan. |

| | |
|---|---|
| 092106 | September 21, 2006; Communication from Dan Myers to Sharmila Khanorkar concerning his conversation with Ms. Daly regarding AEM payroll reporting cycle. Per Ms. Daly, AEM was not required to file 941's; instead, should file 944 on January 31, 2007. |
| 100506 | October 5, 2006; Email detailing the response from NELCO, a PEO acquisition candidate, after reviewing the provided information about the 'still unresolved tax issues'. |
| 110606(video) 110606(pic) | November 6, 2006; Video clip of a tax meeting in Frank Amodeo's office with Sharmila Khanorkar, Dan Myers, Stephen Bonck and Bob Leib. |
| 113006.1(video) 113006.1(pic) | November 30, 2006; Video clip of an afternoon meeting (12:27:05 - 12:28:08) including Frank Amodeo, Peter Collins, Robert Moreyra, Jim Sadrianna and Hans Beyer where they have a nonchalant discussion of resolving the tax issue. |
| 121506.1(video) 121506.1(pic) | Video clip of Jason Carlson, Richard Berman, Mark Bernet and William Walsh talking after a Board of Director's meeting about the 'tax strategy' and disclosing the strategy to the IRS. |
| 122006 | December 20, 2006; Exhibits evidence that 22 payments were sent to the IRS in the amount of $150,000 each from BCA Employee Management Group, Inc., between August 2006 and December 2006, for a total sum of $3.3M. |

**TAB 3**

1. <u>Edie Curry</u>

   - Attorney; first professional hired to work on Presidion related case. Original officer and director of Mirabilis Ventures, Inc. President of Nexia Strategy Corporation; received direct payments of $542,500.00, investments in projects she sponsored of $8,753,658.64, including two projects in which she is the principal owner and payments to her consulting firm of $40,000 and to family members of $198,692.16.

2. <u>Hans Beyer</u>

   - Attorney, involved in Presidion related matters since January 2005, prepared Presidion document files and index. Primary editor of IRS narrative. Officer of Mirabilis and managing director of Tampa area and foreign projects. Reported to have arranged several deals, but deferred closings until after separation in attempt to keep fees. He received direct compensation of $328,000.00, capital provided to projects he sponsored of $8,285,638.08 and fees paid to firms in which he had a financial interest of $391,411.21. If you include subsequent investments in the Moreyra/Collins deal, an additional $6,031,730.84 of investments in sponsored deals is included.

3. <u>Richard Berman</u>

   - Attorney, involved in Presidion related matters since December 2004. Officer and Director of Mirabilis Ventures, Inc. Received direct compensation of $235,000.00, investment in projects he sponsored of $1,592,579.18, plus payments to his firm of $4,849,254.11 and family members of $31,630.63. Prepared memorandum of law, which supported separate entity theory upon which Presidion strategy was based.

4. <u>Robert Pollack</u>

   - Involved in Presidion related matters since January 2005; served as a director of both Presidion Corporation and Mirabilis Ventures, Inc. Received direct payments of $640,500.00 and investment in sponsored projects of $3,575,815.89.

5. <u>Frank Hailstones</u>

   - CPA equivalent. Served as President of Nexia Strategy Corporation and Mirabilis Ventures, Inc. Became involved in Presidion related matters beginning November 2005. Received direct payments of $386,858.77 and investments in sponsored projects of $7,400,658.09. Currently has significant ownership in two projects paid for by Presidion without separate consideration.

6. <u>Laurie Holtz</u>

   - CPA; first became involved in Presidion related matters in November 2004; served as Chairman and Director of Mirabilis Ventures, Inc; received direct payments of $237,500.00, payments to his firm of $419,188.32, payments to relatives of $17,685.00 and investments in sponsored projects of $0.00 (Holtz is a participant in the "Holtz/Nexia Certification", which Edie Curry has taken separately and although he shares in the patent rights, there was no investment separate and apart from his time and services, which is included above).

RECEIVED
FEB 2 0 2007
BY:

1

*DRAFT*

| | Direct Payments | Investments In Sponsored Projects | Payments to Firm | Payments to Relatives |
|---|---|---|---|---|
| Edie Curry | $542,500.00 | $8,753,658.64 | $40,000.00 | $198,692.16 |
| Hans Beyer | $328,000.00 | $14,317,368.92 | $391,411.21 | - 0 - |
| Richard Berman | $235,000.00 | $1,592,579.18 | $4,849,254.11 | $31,630.63 |
| Robert Pollack | $640,500.00 | $3,575,815.89 | - 0 - | - 0 - |
| Frank Hailstones | $386,858.77 | $7,400,658.09 | - 0 - | - 0 - |
| Laurie Holtz | $237,500.00 | - 0 - | $419,188.32 | $17,685.00 |
| **Total** | **$2,370,358.77** | **$35,640,080.72** | **$5,699,853.64** | **$248,007.79** |

Edie Curry – Total "Investments in Sponsored Projects" includes $1,514,844.18 of investments for projects sponsored by Tom Broadhead (relative).



**TAB 4**

# Tax Timeline

| Doc # | Date | Description | Type - Location | Attendees |
|---|---|---|---|---|
| | December 21, 2004 | Tax strategy discussed and planned in detail. Frank Amodeo instructed Laurie Holtz to contact CID; Richard Berman to contact USAO; and Ken Levine to contact Florida DOI & DOR. | | Laurie Holtz, Matt Druckman, Morris Hollander, David Appel, Hans Beyer, Edie Curry, Jim Baiers, Jason Carlson, Ken Levine and others. |
| | December 22, 2004 | Frank Amodeo's follow up instructions from 12/21/2004 strategy meeting at Rachlin, Cohen & Holtz's offices. | Rachlin Cohen and Holtz offices | |
| | December 23, 2004 | Letter from Frank Amodeo to Ed Gudeman discussing PEO strategy allowing John Burcham to avoid personal liability on $8,000,000 indebt and $30,000,000 in unpaid payroll taxes. | fax and telephone | Richard Berman, Laurie Holtz, Robert Moreyra, K+E133en Levine, Hans Beyer, Edie Curry |
| | December 24, 2004 | Rachlin, Cohen & Holtz follow-up to 12/24/04 Presidion meeting – several days of planning/coordinating personnel to perform due diligence reviews, as requested. Monitor SEC filings of Presidion, preparation of IRS forms 2848 Powers of Attorney, etc. | letter | Frank Amodeo, Ed Gudeman, John Burcham, Yaniv Amar |
| | December 27, 2004 | E-mail communication between Craig Vanderburg, Edie Curry, Jim Baiers and Shane Williams regarding settlement negotiations with Bob Gaines, Fred Sandlin and Sandlin's ex-wife, Joann. References to tax issues and IRS are made; explicit mention by Edie Curry on page 4, paragraph 11. | Rachlin Invoice | Laurie Holtz, Matthew Druckman, Morris Hollander, David Appel |
| | December 30, 2004 | Various conferences and communication to follow up on action plan from December 21, 2004 meeting, including specifically reminding Mr. Holtz to contact CID and Mr. Berman to contact US Attorney. | Wachovia offices and telephone | Craig Vanderburg, Jim Baiers, Edie Curry, Shane Williams |
| | January 1, 2005 | Sunshine Companies sold to Wellington Capital and then dissolved. PEO licenses terminated. Mirabilis officers Bob Pollack and Jason Carlson appointed to Presidion Board of Directors. | Telephone and mail | Robert Moreyra, Richard Berman, Hans Beyer, Laurie Holtz, Edie Curry |
| | January 1, 2005 | Board resolution | Board resolution | |
| | January 4, 2005 | Post-holiday reminder to Richard Berman to contact US Attorney and to Laurie Holtz to contact CID. | Phone and e-mail | Richard Berman, Laurie Holtz |
| | January 5, 2005 | Meeting to discuss Sunshine tax plan. | Tom Tew's office | Matt Druckman, Frank Amodeo, Tom Tew |
| | January 5, 2005 | Initial meeting with IRS, where Judy Berkowitz instructs Frank Amodeo to change corporate addresses to mailbox. | IRS offices Plantation, FL | Dan Myers, Richard Berman, Jose Morrero, Hans Beyer, Frank Amodeo, Judy Berkowitz, and IRS bankruptcy specialist from local office. |
| | January 6, 2005 | | | |

# Tax Timeline

| Doc # | Date | Description | Type - Location | Attendees |
|---|---|---|---|---|
| | January 13, 2005 | Week Berman/Marrero are to meet with CID to discuss tax situation and case in Detroit. | | Richard Berman, Jose Marrero |
| | January 14, 2005 | Letter from President's auditor, Michael Hirsch (UHY), addressing nonpayment of payroll tax as a concern (Why now instead of last year?) | | Craig Vanderburg, Jim Baiers, Bob Pollack, Jason Carlson |
| | January 14, 2005 | Letter from UHY (firm engaged to perform audit for President Corp) outlining potential issues that came up during their audit preparation period including the need to get legal opinion on the tax strategy to see if the unpaid payroll taxes will need to be disclosed on the financials, the need for assurance that all federal, state, county, and city tax filings have been done, and assurance that all the entities are current on thier payroll tax payments. | letter | Bob Pollack, Craig Vanderburg, Jason Carlson, Jim Baiers |
| | January 31, 2005 | Chris O'Connor, Craig Vanderburg, Laurie Andrea, Jim Baiers, Bob Pollack and Sue Schumacher indicating each person was aware of importance of PRS/President paying payroll taxes and liability of individuals if not paid. | E-mail | Chris O'Connor, Craig Vanderburg, Jim Baiers, Laurie Andrea, Bob Pollack, Sue Schumacher |
| | February 4, 2005 | Letter from IRS Special Agent Gary R. Patterson documenting Assistant U.S. Attorney Keith Corbett in Detroit clearing President Solutions and its related entities, Burcham and Vanderburg of criminal conduct without charges including the nonpayment of tens of millions of dollars of payroll taxes, which at this time were $55 million. Jim Baiers reports that IRS Special Agent Gary R. Patterson said that nonpayment issue was a civil matter not criminal as long as tax returns are accurate and filed. | Letter | Jim Baiers, Craig Vanderburg, Gary R. Patterson, Keith Corbett |
| | February 10, 2005 | Circulation date of 2/4/2005 letter from IRS Special Agent Gary R. Patterson. | Letter | Jim Baiers, Gary R. Patterson |
| | February 24, 2005 | Letter to IRS from Jose Marrero instructing the IRS, in his role as power of attorney for the Sunshine Companies, to change the address for these companies to Hollywood, FL and direct any notices to a local South Florida revenue officer to facilitate further discussion. | Letter | Copied to Frank Amodeo |
| | February 25, 2005 | Meeting to discuss President tax issues and deposit monies stolen by Brentwood Capital and Anthony Huff's involvement with this transaction. | Letter | Jose Marrero, IRS |
| | March 2, 2005 | | Meeting - Jupiter, FL. | Frank Amodeo, Jack Russo, John Burcham |

# Tax Timeline

| Doc # | Date | Description | Type - Location | Attendees |
|---|---|---|---|---|
| | March 10, 2005 | Discussion on responsibility for Sunshine tax reports. | | Craig Vanderburg, Chris O'Connor, Lora Burgess, Sue Schumacher, Jim Baiers |
| | March 13, 2005 | Fax from Jim Baiers with suggested revisions to Berman payroll tax liability memo. This memo was widely circulated for feedback such as this | fax | Richard Berman, Elena Wildermuth, Jim Baiers, Tess Ivey |
| | March 15, 2005 | Tenth draft of the Haber Tax Memorandum (Nine drafts circulated amongst President team prior to this date) | E-mail, fax, hand delivered | Widely circulated for review and comment to Dan Myers, Jim Baiers, Chris O'Connor, Sue Schumacher, Craig Vanderburg, Edie Cury, Larry Haber, Frank Amodeo |
| | March 16, 2005 | Circulation of Haber memo on Third Party Liability for Nonpayment of Payroll Taxes. | e-mail, fax, mail, hand delivered | Jim Baiers, Craig Vanderburg, Jose Marrero, Richard Berman, Laurie Holtz, Chris O'Connor, Matt Druckman, Frank Amodeo, Matt Porter, Lynda Goudreau |
| | March 17, 2005 | E-mail string where Vanderburg is reporting to Amodeo and Pollack that they are already in a cash crisis and are having trouble meeting obligations, including tax obligations. | e-mail | Frank Amodeo, Bob Pollack, Jim Vanderburg, Jim Baiers, Jason Carlson |
| | March 17, 2005 | E-mail discussing Haber payroll tax liability memo and its relative value to the audits in not reporting these unpaid payroll taxes as a President liability | e-mail | Tess Ivey, Craig Vanderburg, Jim Baiers, Matt Porter, Chris O'Connor, Jose Marrero,Lynda Goudreau, Richard Berman, Laurie Holtz, Matt Druckman, Frank Amodeo |
| | March 22, 2005 | E-mail discussion between Craig Vanderburg and Jim Baiers concerning delay in filing 2004 10-K because of unresolved tax memorandum. | e-mail | Craig Vanderburg, Jim Baiers |
| | March 22, 2005 | Continued e-mail discussions with Craig Vanderburg, Jim Baiers, Chris O'Connor concerning delay in filing 10-K and what actions to take regarding Mercator's daily penalty fees of $1,667.00. | e-mail | Craig Vanderburg, Jim Baiers, Chris O'Connor |
| | March 28, 2005 | Jim Baiers' e-mail request to Amodeo to have his tax firm issue a letter to auditors on the tax issue involving sale of Sunshine Companies. Contingent gain issue arises from discharge of tax liabilities from the Public Corporation. | e-mail | Craig Vanderburg, Jim Baiers, Chris O'Connor |
| | March 31, 2005 | UHY Advisors completely briefed on taxes. AQMI strategy completed. President involvement phased out. Wellington continues liquidation process. | e-mail | |
| | March 31, 2005 | Haber Tax Memo | e-mail and fax | Widely circulated for review and comment |

# Tax Timeline

| Doc # | Date | Description | Type - Location | Attendees |
|---|---|---|---|---|
| | April 4, 2005 | Jose Marcero, Rachlin Cohen and Holtz partner, sends comments from his review of tax strategy, including thoughts that IRC section 7201 and 7203 are applicable remedies available to the IRS. It should be noted that this information was not included in the Berman tax memo or passed on to Mr. Amodeo. | e-mail | Jose Marcero, Matt Porter, Jim Vanderburg, Jason Carlson, Bob Pollack, Laurie Holtz, Matt Druckman, Edie Curry, Chris O'Connor, Jim Baiers |
| | April 4, 2005 | Status report on tax case; possible second round of fund raising | Telephone Meeting | Kurt Benjamin, Frank Amodeo |
| | April 14, 2005 | Communications with Bert Danzig of Spectrum PEO about unpaid taxes of Presidion and Spectrum. | | Frank Amodeo, Craig Vanderburg, Bert Danzig |
| | April 6, 2005 | Status report on tax case; retain Dan McHenry for PEO consulting services | Wachovia | Bob Pollack, Dan McHenry |
| | April 8, 2005 | Status report on tax memorandum | Phone Meeting | Jim Baiers, Frank Amodeo |
| | April 11, 2005 | Frank travel and hold meetings, discussions on tax memo and limits of consulting engagement related to other matters | Jupiter offices | Chuck Kirkpatrick, Jeff Rendel, Chris O'Connor, Jim Baiers, John Burchatt, Frank Amodeo |
| | April 12, 2005 | Frank travel and hold meetings, discussions on tax memo and limits of consulting engagement related to other matters | Jupiter offices | Chuck Kirkpatrick, Jeff Rendel, Chris O'Connor, Jim Baiers, John Burchatt, Frank Amodeo |
| | April 13, 2005 | Status report on tax memo; services | Meeting - Orlando | Bob Pollack, Dan McHenry, Frank Amodeo? |
| | April 14, 2005 | Draft Opinion of legal counsel circulated by Jim Baiers to bolster confidence in "silo" theory and divestiture strategy developed by Amodeo. | e-mail and letter | Craig Vanderburg, Chris O'Connor, Jim Baiers, Floyd, Kevin Flynn, Kostelanetz & Fink, LLP |
| | April 19, 2005 | Baiers notes that Strategic Bancorp assumes all obligations on $8,600,000 letter of credits. He notes that a letter to Baiers is done at the request of the auditors. | Baiers handwritten notes | Jim Baiers, Strategic Bancorp, UHY |
| | April 20, 2005 | Berman Tax Memo (signed version) was widely circulated for review and comment. | E-mail and fax | Richard Berman, Laurie Holtz, Jose Marcero, Larry Haber, Hans Beyer, Edie Curry, Jason Carlson, Bob Pollack, Craig Vanderburg, Chris O'Connor, Jeff Rendel, Chuck Kirkpatrick, UHY, Ken Hendricks, David Firestone |
| | April 20, 2005 | Protecting Frank Amodeo | Dinner meeting in Orlando | Claire Holland, Richard Berman, Matt Druckman, Laurie Holtz, Sharmila, Khanorkar, Frank Amodeo |
| | April 21, 2005 | Status report on Presidion tax situation for Presidion stakeholders | Wachovia Offices | Jeff Stentz, Carl Leo, Frank Amodeo |
| | April 21, 2005 | Status report on tax case, financing, and raising money to pay off offer- in- compromise | Wachovia Offices | Kurt Benjamin, Frank Amodeo |
| | April 21, 2005 | Presidion stakeholders meetings; status report on tax case | Wachovia offices | Fred Sandlin, Jason Carlson, Bob Pollack, Jim Baiers, Craig Vanderburg, Robert Gaines, Kurt Benjamin & (Mercator), Jeff Stentz (Hendricks), Paul Hughes (FCIC), Edie Curry, Yaniv Amar, Chris O'Connor, Larry Haber, Lynda Goudreau (take notes) |

# Tax Timeline

| Doc # | Date | Description | Type - Location | Attendees |
|---|---|---|---|---|
| | April 21, 2005 | Presidian Board of Directors meeting | Wachovia offices | Jason Carlson, Mitch Musial, Chris O'Connor, Richard Berman, Bob pollack, Jim Baiers, Craig Vanderburg, Lynda Goudreau |
| | April 21, 2005 | Draft opinion letter from Kevin Flynn of Koselanetz & Fink, LLP regarding third party liability for payroll taxes. | | |
| | April 25, 2005 | Status report on tax memo | Conference Call | Jim Baiers |
| | April 27, 2005 | Presidian and tax memo & public filing | Conference Call | Bob Pollack, Craig Vanderburg, Frank Amodeo |
| | April 28, 2005 | Status report on tax case & public filing | Conference Call | Craig Vanderburg, Jim Baiers, Mitch Musial?, Kurt Benjamin?, Karl Leor?, Frank Amodeo |
| | April 29, 2005 | Status report on tax case & public filing | Wachovia offices | Craig Vanderburg, Jim Baiers, Frank Amodeo |
| | May 3, 2005 | Status report on tax case | Conference Call | Bob Pollack, Dan McHenry, Frank Amodeo |
| | May 3, 2005 | Status report on tax case & consulting services | Conference Call | Laurie Holtz, Frank Amodeo |
| | May 3, 2005 | Status report on tax case | Conference Call | Bob Pollack, Dan McHenry, Frank Amodeo |
| | May 4, 2005 | E-mail chain between Jim Baiers, Craig Vanderburg and Richard Berman regarding comments and changes to tax memo. | | Laurie Holtz, Amodeo |
| | May 4, 2005 | | | Craig Vanderburg, Jim Baiers, Richard Berman |
| | May 5, 2005 | PBS Retromerger Explanation/Response | Conference Call | Craig Vanderburg, Chris O'Connor, Jim Baiers, Jason Carlson, Frank Amodeo |
| | May 10, 2005 | Status report on tax case with auditors questions | Conference Call | Craig Vanderburg, Amodeo, UHY Partners |
| | May 11, 2005 | Letter from UHY attorney, Rodger D. Young, to UHY advisors, Frabotta and Caughlin, addressing concerns related to Berman, Kean & Riqueur's tax memo. | letter | Rodger D. Young, Anthony Frabotta, Timothy Caughlin |
| | May 12, 2005 | Preparation for meeting with Baiers & Vanderburg | Wachovia offices | Edie Curry, Bob Pollack, Yaniv Amar |
| | May 13, 2005 | Continuing explanation of tax strategy | Conference Call | Edie Curry, Bob Pollack, Yaniv Amar, Dan McHenry, Frank Amodeo |

# Tax Timeline

| Doc # | Date | Description | Type - Location | Attendees |
|---|---|---|---|---|
| | May 13, 2005 | UHY Principal, Steve Cheaney, e-mails Sue Schumacher and courtesy copies Jim Baiers and Michael Hirsch (UHY) with questions and comments on Presidion's 2004 10-K draft. Mr. Cheaney questions whether Presidion is required to disclose that they've been defrauded out of $3MM due to fraudulent LOC from Bank of West and whether they should disclose that Presidion owes the IRS roughly $35MM in payroll taxes for 2004. | e-mail | Steve Cheaney, Sue Schumacher, Jim Baiers, Michael Hirsch |
| | May 16, 2005 | Jim Baiers' request for Berman, Kean & Riguera to fax tax memo directly to Michael Hirsch with UHY. | | |
| | May 18, 2005 | Presidion enters agreement to keep Mirabilis Directors, hiring Nexia to evaluate and implement turnaround | | |
| | May 18, 2005 | Game plan meeting | La Boheme restaurant in Orlando | Vanderburg, Baiers, Yaniv Amar, Frank Amodeo |
| | May 18, 2005 | Tax situation update and first discussion of Alltrostar/FICIC renewal and collateral | Wachovia offices | Paul Hughes, Frank Amodeo |
| | May 18, 2005 | Proxy given to Amodeo for Presidion Corporation shares; prevents termination of Baiers or Vanderburg as directors leaving the two of them able to deadlock Board decisions and guarantees employment through February 2008 with book of business. Contracts protect Baiers and Vanderburg against control by Amodeo. | Document | Jim Baiers, Frank Amodeo, Craig Vanderburg |
| | May 18, 2005 | Jim Baiers signs an irrevocable proxy assigning his voting rights in Presidion Corp to Frank Amodeo effective May 24,2005 | Corporate Doc | Jim Baiers, Frank Amodeo, Craig Vanderburg |
| | May 20, 2005 | Baiers e-mail notifying board members that Presidion is past its grace period for filing its 10K and will be delisted from its stock exchange. | e-mail | Jim Baiers, Bob Pollack, Craig Vanderburg, Jason Carlson |
| | May 24, 2005 | E-mail string with UHY (audit firm) discussing how to address Sunbine sale to Wellington, payroll tax consequences, and revenue gain from transaction. | E-mail | Craig Vanderburg, Jason Carlson, Michael Hirsch, Jim Baiers |
| | May 24, 2005 | E-mail from Jim Baiers discussing consequences of Presidion not filing its 10k report to the SEC by the end of the of the grace period, May 20, 2005 which will lead to delisting. | e-mail | Jim Baiers, Bob Pollack, Jason carlson, Craig Vanderburg |

# Tax Timeline

| Doc # | Date | Description | Type - Location | Attendees |
|---|---|---|---|---|
| | May 25, 2005 | Indemnity Agreement to Jim Baiers from Craig Vanderburg (not dated but referencing the irrevocable proxy from May 18, 2005) indemnifying Mr Baiers individually from liability for anything related to his officer position or employment with Presidon Corp or any of its subsidiaries. This includes, but is not limited to, personal guarantees and payroll tax liabilities. | Document | Craig Vanderburg, Jim Baiers |
| | May 31, 2005 | Assignment and Acceptance of Promissory Note - Mirabilis Ventures, Inc. acquired and assumed $12,241,475.65 Promissory Note from Paradyne, Inc. to Sunshine Staff Leasing, Sunshine Companies II, Inc. and Sunshine Companies III, Inc. As consideration for assignment, Mirabilis agreed to pay Sunshine $1,224,147.56. | Document | Frank Amodeo, Robert Pollack |
| | June 2, 2005 | Dan Myers speaks with Judy Berkowitz from IRS. Followed up on conversation with Jose Marrero and reviewed assets and discussed filing of returns and agreed upon timetable of three weeks to get bank statements and signature cards from storage. Dan let her know he should be able to get back to the IRS with more info on plans in a week or so. Ms. Berkowitz was happy with timetable and and primarily wanted to make sure it kept moving forward. | Phone and e-mail | Dan Myers, Judy Berkowitz, Jose Marrero (CC) |
| | June 3, 2005 | Limitation on proxy; SEC notice requirement | Conference Call | Jim Baiers, Craig Vanderburg |
| | June 3, 2005 | Status report on tax case, consulting services | Orlando | Bob Pollack, Dan McHenry |
| | June 3, 2005 | Send IRS Rough Draft to Vanderburg/Baiers | e-mail | Craig Vanderburg, Jim Baiers, Dan Myers, Frank Amodeo |
| | June 8, 2005 | Aldostar cancellation discussion; new tax | Conference Call | Paul Hughes, Vanderburg, Amodeo |
| | June 8, 2005 | Status report on tax case | | Jim Baiers, Craig Vanderburg |
| | June 10, 2005 | AQMI engaged to resolve insurance crisis | | Frank Amodeo, Edie Curry, Jim Baiers, Craig Vanderburg, Jason Carlson, Bob Pollack |
| | June 14, 2005 | Consistant with proposed silo strategy IRS sends refund checks for those Sunshine companies which overpaid beginning with Sunshine Companies II, Inc. | mail | Dan Myers, Frank Amodeo |
| | June 15, 2005 | Use of AEM; tax & insurance history of | Wachovia offices | Mike Miller, Laurie Andrea, Frank Amodeo |
| | June 15, 2005 | Presidon | | |
| | June 15, 2005 | Drafting documents & bankruptcy narrative | Perkins, Orlando | Larry Haber, Frank Amodeo |
| | June 15, 2005 | Preparation for next days meeting - insurance/collateral/tax | Orlando | Paul Hughes, Frank Amodeo |

# Tax Timeline

| Doc # | Date | Description | Type - Location | Attendees |
|---|---|---|---|---|
| | June 16, 2005 | Risk Transfer meeting – insurance/collateral/taxes - discussed | Westin Diplomat Hotel in Hollywood, FL | Paul Hughes, Luis Espinoza, Craig Vanderburg, Bobby Luccia, Frank Amodeo |
| | June 17, 2005 | Sunshine Mediation at Akerman Senterfitt offices - discussed tax liability shield | Akerman Senterfitt Miami offices | Matt Drueckman, Frank Amodeo, Baker McKenzie lawyers |
| | June 22, 2005 | Agree to pay insurance premium even though current taxes won't be paid | Meeting in Orlando and telpone | Paul Hughes, Jeff Rendel, Chris O'Connor, Frank Amodeo, Craig Vanderburg |
| | June 23, 2005 | Communication between Craig Vanderburg and Dan Myers concerning old Sunshine tax obligations. | | |
| | June 23, 2005 | Ms. Berkowitz is requesting copies of signature cards for the Sunshine Companies. | e-mail | Dan Myers, Tess Ivey, Jim Baiers, Craig Vanderburg |
| | June 24, 2005 | E-mail from Myers reporting on phone meeting with IRS and planned meeting to start document production on June 28, 2005. Myers reports that amount of tax actually due | Conference Call | Jim Baiers, Craig Vanderburg, Dan Myers, Tessili Ivey |
| | June 27, 2005 | Memorandum from Sunshine Companies to Mirabilis Ventures, Inc. requesting that all payments to be made to Sunshine Companies by Mirabilis pursuant to the assigned Paradyne note be made directly to the IRS on Sunshine's behalf. | Memorandum | Frank Amodeo, Robert Pollack |
| | June 29, 2005 | Sunshine Discovery deadline - MVI/Burchan interrogatory deadline to Bernard/discussed Burcham misrepresentations including amount | | Frank Amodeo, Richard Berman, Jim Baiers, Craig Vanderburg, Chris O'Connor and John Burcham's attorneys |
| | June 29, 2005 | Relates to Sunshine customer | Conference Call | IRS special agent Ashley, Frank Amodeo - appointment may have been moved to a later date |
| | July 1, 2005 | Amodeo as controlling person | Telephone | Tom Maida, Frank Amodeo, Brian Fischer |
| | July 1, 2005 | PCIC/Altrostar tax priority | Wachovia and telephone | Paul Hughes, Brian Fischer, Frank Amodeo |
| | July 5, 2005 | Cost cutting | Orlando | Craig Vanderburg, Yaniv Amar, Frank Amodeo |
| | July 5, 2005 | Detailed discussions of tax & insurance problems and how AEM will solve them. Miller to get AEM et al. state controlling person license. | | Laurie Andrea, Mike Miller, Yaniv Amar, Jim Sadrianna, Frank Amodeo |
| | July 6, 2005 | Detailed discussions of tax & insurance problems and how AEM will solve them. Miller to get AEM et al. state controlling person license. | Conference Call | Laurie Andrea, Mike Miller, Yaniv Amar, Jim Sadrianna, Frank Amodeo |
| | July 11, 2005 | Initial payment of $100,000, owed to Sunshine Companies by Mirabilis pursuant to the assigned Paradyne note, made directly to the | Telephone | Craig Vanderburg, Jim Baiers, Jim Sadrianna, Chris O'Connor, Frank Amodeo |
| | July 11, 2005 | IRS. | Mirabilis – Bremer Bank Account Check | |
| | July 14, 2005 | Burcham Mirabilis Settlement Agreement | | John Burcham, Frank Amodeo, Jason Carlson |

# Tax Timeline

| Doc # | Date | Description | Type - Location | Attendees |
|---|---|---|---|---|
| | July 15, 2005 | Letter from Craig Vanderhyip to Judy Berkowitz (IRS) reminding her that he has filed a power of attorney form for matters related to Sunshine Companies and to please direct inquiries to Dan Myers | Letter | Judy Berkowitz, Craig Vanderhyip, Dan Myers |
| | July 18, 2005 | Status of insurance and payments | Conference Call | Jennifer Robinson - Risk Transfer, Frank Amodeo |
| | July 20, 2005 | Future, tax problem, insurance problem | Orlando | Chuck Kirkpatrick, Frank Amodeo |
| | July 20, 2005 | Yaniv Amar on agenda for controlling person license represented by Mike Miller, who was fully briefed on tax situation. | | Yaniv Amar, Mike Miller |
| | July 28, 2005 | Presidion Solutions and subsidiaries sold to Wellington Capital | Presidion office in N. Miami and Wellington office in Orlando | Scott Goldberg, Larry Haber, Jim Sadrianna, Jim Baiers, Jeff Rendel, Chuck Kirkpatrick, Craig Vanderburg, Yaniv Amar, Frank Amodeo, Richard Berman, Laurie Holtz, Shelli Elmer, Doug Lilak, Dan McHenry and others in different capacities. |
| | July 28, 2005 | AQMI develops solution to insurance crisis. Presidion agrees to implement solution and turnaround strategy for both Presidion and PBS | Presidion office in N. Miami and Wellington office in Orlando | Scott Goldberg, Larry Haber, Jim Sadrianna, Jim Baiers, Jeff Rendel, Chuck Kirkpatrick, Craig Vanderburg, Yaniv Amar, Frank Amodeo, Richard Berman, Laurie Holtz, Shelli Elmer, Doug Lilak, Dan McHenry and others in different capacities. |
| | July 28, 2005 | AEM acquires right to purchase the assets of PBS giving AEM an insurable interest in order to permit worker's comp coverage of PBS assets | Presidion office in N. Miami and Wellington office in Orlando | Scott Goldberg, Larry Haber, Jim Sadrianna, Jim Baiers, Jeff Rendel, Chuck Kirkpatrick, Craig Vanderburg, Yaniv Amar, Frank Amodeo, Richard Berman, Laurie Holtz, Shelli Elmer, Doug Lilak, Dan McHenry and others in different capacities. |
| | July 28, 2005 | Insurance crisis advice throughout the day | Presidion office in N. Miami and Wellington office in Orlando | Frank Amodeo, Laurie Holtz, Richard Berman - in Miami |
| | July 29, 2005 | SUNZ letter describing terms of agreement not to cancel workers comp insurance and to extend it for 1 year, including demonstrating change of ownership in AEM, naming AEM as insured, naming Presidion Solutions as additionally insured, and showing Frank Amodeo's holding of an irrevacable proxy for Presidion in excess of majority control | letter | Yaniv Amar, Frank Amodeo, Jeff Rendel, Chris O'Connor, Shelli Elmer, Doug Lilak |
| | July 30, 2005 | Reorganization Team Meeting and weekend get together | | O'Connor, Fischer, |
| | July 30, 2005 | Meeting with Fischer and Konicki about controlling person exposure for Amodeo in | Wachovia building offices in Orlando | O'Connor, Fischer, |
| | August 1, 2005 | PEO | Wachovia building offices in Orlando | Brian Fischer, Bob Konicki, Frank Amodeo |
| | August 1, 2005 | Presidion workers comp insurance | Meeting, Tallahassee | Deputy Insurance Commissioner - Tallahassee, attorney from Foley and Lardner |
| | August 1, 2005 | Tax situation relating to auditor, UHY | Conference Call | Craig Vanderburg, Jason Carlson, Frank Amodeo |

# Tax Timeline

| Doc # | Date | Description | Type - Location | Attendees |
|---|---|---|---|---|
| | August 2, 2005 | Sunshine Mediation at Gray Robinson - Amodeo openly told them not worried about judgment in this case because $70MM in taxes are owed and any judgement would be in line for payment behind the IRS. | Gray Robinson Orlando offices | Jim Baiers, Tracey Marshall, Mary Flynn, Daryl Williams, et al., Frank Amodeo |
| | August 18, 2005 | Future Liberty PEO, Chuck's personal integrity, Second payment of $550,000, owed to Sunshine Companies by Mirabilis pursuant to the assigned Paradyme note, made directly to the IRS. | Lunch meeting | Chuck Kirkpatrick, Jim Sadriana |
| | August 18, 2005 | Valuation Report from Dan McHenry for Presidion book of business for value range of $9,800,000 and $14,700,000. Letter professes McHenry is an industry expert, valuation was derives after a thorough review of the financials, and stated that the valuation report was to be used in discussions with the IRS regarding certain tax matters related to Presidion | Mirabilis - Wells Fargo Bank Account - Check #5002 | |
| | August 29, 2005 | E-mail from Melanie Lavigne with spreadsheet attached showing daily tax liability balances for Presidion Solutions VII (PBS) increasing from $11,029,988.46 on July 1, 2005 to $21,698,093.49 on July 29, 2005. Wellington purchased Presidion Solutions on July 30, 2005 | e-mail, mail, hand deliver | Melanie Lavigne, Craig Vanderburg, Sue Schumacher, Warner |
| | August 30, 2005 | Frank in Detroit/Troy MI to discuss taxes and insurance | e-mail | Frank Amodeo, Jerry Lancaster, Kurt Benjamin, Craig Vanderburg |
| | August 31, 2005 | Yaniv Scheduled call with Nugent to discuss person issues | Presidion office, Ruth Chris Steakhouse | Yaniv Amar, Brian Nugent, Frank Amodeo |
| | August 31, 2005 | SUTA dumping and controlling person issues | Conference Call | |
| | September 1, 2005 | Frank in Detroit/Troy MI - Hendricks cancelled; discussed continued payment of all debts before IRS; goal was to be debt free other than taxes by January 2006. | Troy MI Offices | Craig Vanderburg, Jim Baiers, Frank Amodeo |
| | September 6, 2005 | Frank in Tampa to discuss issue of Platform One and new IRS situation was proceeding. | Platform 1 offices, Tampa, FL | Craig Vanderburg, Larry Haber, Henry Hardin, Frank Amodeo |
| | September 7, 2005 | Communications showing the relationship between Ms. Berkowitz and Mr. Myers | | Craig Vanderburg, Jim Baiers, Dan Myers |
| | September 8, 2005 | Baiers interviewed by Agent Spuio with the FBI regarding fraudulent letters of credit used by Presidion to secure workers comp and other debt. | Baiers handwritten notes | Jim Baiers, Agent Spuio |
| | September 9, 2005 | FBI Ft. Lauderdale; Letter of Credit | Berman's office in Ft. Lauderdale | Jim Baiers, John Burcham, Richard Berman |

# Tax Timeline

| Doc # | Date | Description | Type - Location | Attendees |
|---|---|---|---|---|
| | September 12, 2005 | Third and final payment of $574,147.56, owed to Sunshine Companies by Mirabilis pursuant to the assigned Paradyme note, made directly to the IRS. | Mirabilis - Wells Fargo Bank Account - Check #5007 | |
| | September 19, 2005 | Kyle Weisenberg v. Levans, Inc. & SUNZ | Conference Call | Richard Berman, Jim Baiers |
| | September 21, 2005 | Status report on tax case | | |
| | September 22, 2005 | | 2nd Omnibus Meeting, Amsouth offices | Laurie Holtz, Jeff Stentz, Karl Leo, Frank Amodeo Craig Vanderburg, Jim Baiers, Jeff Stentz, Karl Leo, Todd Buehl, Jason Carlson, Frank Amodeo |
| | September 22, 2005 | Pre Board meeting for Presidion stakeholders | Amsouth Offices | |
| | September 22, 2005 | Presidion tax case and Amodeo's background review. Controlling person issues for PEO companies | Breakfast Meeting At Boheme restaurant in Orlando | Brian Fischer, Tom Maida, Frank Amodeo |
| | September 22, 2005 | Mercator raising funds for tax resolution | Amsouth Offices | Jim Baiers, Craig Vanderburg, Tom Braodhead, Larry Haber |
| | September 22, 2005 | Presidion Board of Directors meeting where status of 10K filing and financials as of July 2005, and August 2005 were discussed. Financials noted that as of July 2005 Presidion had a loss of over $2,200,000. | Amsouth offices | Jim Baiers, Craig Vanderburg, Jason Carlson, Bob Pollack |
| | October 3, 2005 | Long meeting scheduled from 1-5pm regarding future of PEOs and tax liability | Amsouth Offices | Jim Baiers, Craig Vanderburg, Bob Pollack, and various Mirablis officers |
| | October 4, 2005 | Conference call regarding Agent Sputo needing to talk to Vanderburg to clear up inconsistances between Baiers testimony and the documents. | | |
| | October 5, 2005 | Friend v Sunshine Companies case settled | Baiers handwritten notes Law Offices of Gray Robinson in Orlando, FL | Richard Berman, Craig Vanderburg, Jim Baiers |
| | October 5, 2005 | Order approving settlement in Friend v. Sunshine Companies | Court Hearing | |
| | October 7, 2005 | Presidion Solutions Conference call | Conference Call | |
| | October 13, 2005 | Baiers interviewed by Brian Taylor and Edie Curry via telephone conference. | Baiers handwritten notes | Jim Baiers, Brian Taylor, Edie Curry |
| | October 13, 2005 | Baiers notes bullet points related to his employment contract and being terminating his employment. He notes that he could terminate for Change of Control, or alternately, terminate for good cause. - "fraudulent conveyance and not remitting taxes. If I had a duty to disclose fraudulent letterias of credit to LUA, I've got a duty to go to the IRS and have all the PEO clients notified that Frank is collecting taxes from them and not remitting them to the IRS." | Baiers handwritten notes | Jim Baiers |
| | October 14, 2005 | Update what has taken place with IRS, how to deal with Hendricks interest since Presidion was in default and Hendricks had authority over all aspects of business, and Hendricks future stake in business. | Meeting - Beloit, WI | Hendricks, ABC accountant, Craig Vanderburg, Jim Baiers, Jeff Stentz, Frank Amodeo |